## Stockholders of First State Bank v. First State Bank's Receiver.

### (Decided June 16, 1914.)

### Appeal from Meade Circuit Court.

1. Appeal—Finality of Determination—Sustaining Demurrer.—An appeal lies from a final order only, and an order which sustains a demurrer to a petition and goes no further is not a final order.

2. Attorneys—Compensation—Allowance by Court—Determination—Affidavits of Attorneys.—While due consideration will be given affidavits of attorneys in reference to fees allowed by the court to attorneys, yet this court is not bound by such affidavits, but

will review the character and extent of the legal services performed, the kind of suits brought, the sums involved, the result of those suits, and the amount of other work done, and will fix what is considered a reasonable fee under all the facts and circumstances of the case.

GUS BROWN for appellants.

CLAUDE MERCER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

The First State Bank of Ekron, Meade County, Kentucky, being insolvent, certain of its stockholders instituted proceedings to place it in the hands of a receiver. The application for receivership was granted, and M. H. Beard was appointed receiver. Thereafter the receiver brought this action against certain directors of the bank and others for the purpose of settling his accounts under the advice and direction of the chancellor. During the progress of the action his attorney was allowed the following fees: $500 at the April term, 1911; $500 at the September term, 1911; $1,000 at the April term, 1912; $500 at the September term, 1912, and $1,000 at the October term, 1913. The receiver himself was allowed certain expenses, and also 5% of the amount collected and disbursed by him. Certain stockholders of the bank filed an intervening petition, in which they attacked the allowances thus made. A demurrer was sustained to their petition as amended, and an appeal prosecuted to this court. The last allowance made to the receiver's attorney was made on notice to the intervening stockholders, and from the judgment making this allowance the stockholders also appeal.

(1) Though the demurrer to the petition of the stockholders was sustained, there was no order dismissing the petition. An appeal lies from a final order only, and an order which sustains a demurrer to a petition and goes no further is not a final order. Harrison v. Stroud, 150 Ky., 797; Rodes, &c. v. Yates, &c., 151 Ky., .162. It follows that the propriety of the court's action in sustaining the demurrer to the petition is not subject to review.

(2) There being no appeal from the judgment fixing the allowance to the receiver, and no appeal from any of the judgments fixing the allowances made to the re-

ceiver's attorney prior to the allowance made at the October term, 1913, the court's action in making those allowances is not subject to review.

(3) An appeal having been prosecuted from the judgment rendered at the October term, 1913, making the attorney for the receiver an additional allowance of $1,000, that part of the judgment is reviewable, and in determining the propriety of this allowance we may take into consideration the previous allowances made by the court.

In support of his motion for the additional allowance, the attorney for the receiver not only filed his own affidavit, but the affidavits of several reputable attorneys, who, after reading the affidavit of the attorney, gave it as their opinion that a fee of $5,000 for his services would be reasonable. The attorney's affidavit states in substance the following facts:

The bank was insolvent. The attorney was employed by a stockholder to take steps to protect the depositors, creditors and stockholders. The attorney made a trip to Louisville. There he discussed the bank's affairs with the Southern National Bank of that City. He was then directed to institute an action for the appointment of a receiver. He went by buggy from Ekron to Brandenburg, arriving at the latter place about midnight, and filed an action for the appointment of a receiver. Three days later the motion for a receiver was sustained. The receiver employed the attorney to represent him in the liquidation affairs of the bank. On examination it was found that the bank had on hand only $171, and books had been badly kept. In the month of January, 1911, this action was filed. Pursuant to the direction of the court, the attorney instituted 35 suits at law and in equity in the Meade Circuit Court for amounts of from fifty to several thousand dollars each. In the Meade Quarterly Court some six or seven suits were instituted by him. Among the actions in the Meade Circuit Court were two suits against the Empire State Surety Company, involving its liability upon bonds of two former cashiers. On one of the bonds he recovered $1,000, and on the other $1,500. He also recovered an additional sum of $400 from the Fidelity & Guaranty Company. Had the guaranty companies made proper defense, there could have been no recovery. The attorney also induced one Foushee to execute a mortgage to the receiver to cover certain unsecured indebtedness, amounting to six

or seven hundred dollars, which was thereafter collected, and which would not have been collected had it not been for the execution of the mortgage. He also instituted certain suits against parties on notes on which a married woman was surety. The suits were so managed that the married woman surrendered 75 acres of land for the payment of the notes. Had the suits been contested no recovery could have been had. The attorney attended the circuit court three times a year in Meade County for two years. He also made many trips into Meade County for the purpose of looking after the bank's affairs. He subsequently made a trip to Carrolton, Kentucky, for the purpose of looking after the collection of certain notes executed by parties living there. He also filed a suit in the Ohio Circuit Court against the Farmers Bank, in which he sought to recover the sum of $1,000. The receiver collected in all about $33,533.49. About 75% of the bank's indebtedness had been paid. In order to liquidate the affairs of the bank it will be necessary to enforce the double liability of the stockholders. To do this will require additional work.

While we give due consideration to the affidavits of attorneys in reference to fees to be allowed by the court to attorneys in cases of this character, it is well settled that we are not bound by such opinions, but will ourselves review the character and extent of the legal services performed, and after carefully considering the kind of suits brought, the sums involved, the result of those suits, and the amount of other work done, will fix what we think is a reasonable fee under all the facts and circumstances of the case. May v. Walters, et al., 149 Ky., 749.

In the present case the attorney whose fee is contested filed the suit for the appointment of a receiver. He also filed the present action for a settlement of the receiver's accounts. In addition to these suits he filed suits on the two cashier's bonds, and recovered about $3,000. To these suits it does not appear that any defense was made. In addition to these suits he filed 35 suits in the Meade Circuit Court. Whether any of these suits were contested, or how much was recovered, does not appear. Nor does it appear whether any of the suits in the Meade Quarterly Court were contested, or that there was any recovery in any of those actions. Furthermore, he collected an indebtedness of six or seven hundred dollars, which he persuaded the borrower to

secure by mortgage. He also recovered 75 acres of land, the value of which does not appear. In addition to these suits he filed a suit in the Ohio Circuit Court against the Farmers Bank to collect the sum of $1,000. The result of this suit does not appear. So far as the record discloses, there was no real contest in the receivership proceedings, or any complicated questions involved in the settlement suit. Taking into consideration the fact that his efforts resulted in the recovery of about $3,700, in addition to the 75 acres of land, and of such sums as were paid by parties upon the bringing of the various suits in the Meade Circuit and Quarterly Courts, and the further fact that in none of these suits, or in the suit for the receivership, or in the suit for settlement, was there any real contest or difficult question presented, we conclude that the additional allowance of $1,000, in view of the former allowances aggregating $2,500, is excessive.

We further conclude that the allowance of $2,500 is sufficient to cover not only all services heretofore performed, but such as the receiver and the chancellor may hereafter require in the final settlement of the estate.

The judgment making the additional allowance of $1,000 is reversed, and cause remanded for proceedings consistent with this opinion.