### Hibbs, et al. v. Perkins, et al.

(Decided December 16, 1924.)

### Appeal from Livingston Circuit Court.

1.    Receivers—Statutes Affecting Fees are Mandatory—Order in Noncompliance Therewith Erroneous, Not Void.—Kentucky Statutes, section 1740, specifying fees of commissioners and receivers, and

section 396, requiring sworn statement, are mandatory and must be obeyed, though noncompliance renders order for payment of fees merely erroneous, and not void.

2. Receivers—Statutes Affecting Fees Held Not Applicable to Receiver Appointed to Wind up Partnership Affairs.—Kentucky Statutes, sections 396, 1740, relate to statutory fees allowed to master commissioner, and not compensation for special services devolving upon receiver appointed to wind up partnership affairs.

3. Receivers—Allowance of Fees Held Not Reviewable in Succeeding Term Though Considered as Affecting Subsequent Allowances.— Allowance of receiver's fees for both statutory and special services at prior term held final order which could not be considered on a retaxation of costs in succeeding term, though allowance made at such prior term might be considered in determining amount of subsequent allowances.

4. Receivers—$1,135.50 for Services in Collecting Partnership Assets Held Sufficient.—Where but $8,000.00 of $28,000.00 of partnership assets collected by receiver was collected in cash, the balance being delivered to creditors in specie, held, allowance of $1,135.50 for both statutory and special services was adequate compensation for receiver.

C. C. GRASSHAM, CHAS. H. FERGUSON and L. B. ALEXANDER for appellants.

C. H. WILSON and J. M. MONTGOMERY for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

The firm of Hibbs & Bussey held certain leases on real property and were engaged as partners in farming and handling live stock. In December, 1920, a suit was filed by Hibbs seeking a settlement of the partnership business on the ground of insolvency.

On the 5th of January, 1921, H. D. Perkins was appointed and qualified as receiver thereof and took charge of the partnership effects. These consisted of leases on real estate, some live stock, corn on hand and a small amount due the firm from others.

Perkins applied himself vigorously to the work, looking after the stock and other property. It seems that he disposed of this to good advantage, some being sold at public auction and some at private sale, and that he accompanied some of the stock to St. Louis, where it was sold on that market.

On the 11th of April, 1921, he filed a report in the circuit court showing the total assets of the estate re-

ceived by him to have been $28,229.00. Of this the sum of $11,400.00 was realized from the sale of 'real estate leases and was accepted by the lien creditors in specie without being collected. Of the remainder, $8,205.00 was received in cash, the other consisting of matters due the firm and notes on sales made by the receiver. At that time the special work of the receiver had been practically completed. There was some corn yet to deliver and a few contested claims owing to the estate, but these were matters of no great consequence.

An order was entered on April 12, 1921, allowing the sum of ''$335.00 for services, under section 1740 as shown by said receiver's affidavit filed herein, and the further sum of $1,000.00 for special services as said receiver.'' There was also allowed $1,000.00 to the attorney who filed a suit for settlement.

No exceptions were taken to those allowances, but at the ensuing September term a motion was made to file exceptions thereto. The court refused this and an exception was taken to its ruling.

On April 11, 1923, the plaintiff in the suit offered to file a motion for a retaxation of costs and for a reconsideration of the item of $1,000.00 allowed as special compensation to the receiver. The court refused to consider this for the reason that such allowance was a final order made at a previous term by a different judge. An exception was taken and an appeal granted from that ruling.

At the same term of court the receiver asked for two additional allowances under section 1740, Kentucky Statutes, one for $378.00 and the other for $789.00; he also asked an allowance for an additional attorney's fee of $250.00. The basis of the claim for the attorney's fee was to pay his counsel for representing him on that motion for an additional allowance. The court refused to allow any attorney's fee; it also refused to allow the receiver's claims as made, but did allow him $500.00 in lieu thereof. An exception was taken to this allowance and the plaintiff in the original action appeals.

In this appeal an attack is made on the allowance of $1,000.00 made on April 11, 1921, and the $500.00 allowance made in April, 1923.

As to the first, it is alleged that no affidavit was filed as required by sections 396 and 1740, Kentucky Statutes, and, therefore, the allowance was void.

The statutory provisions quoted are mandatory and must be obeyed. Harding's Admr. v. Harding, 132 Ky. 133; Trimble, &c. v. Acme Mills Co., 151 Ky. 570. Though in such cases the order is held erroneous, not void. First Nat'l Bank v. First State Bank's Receiver, 163 Ky. 790. But those provisions relate to statutory fees allowed the master commissioner and not to special services devolving upon a receiver appointed by the court in a case of this character. Fidelity Oil Corp. v. Southern Oil & Pipe Line Co., 197 Ky. 676; Spears v. Thomas, 24 Rep. 1154; Sherley v. Mattingly, 21 Rep. 289.

It is said, however, that the allowance of April 12, 1921, was not a final order and, therefore, could be corrected upon a retaxation of costs. This position is untenable. First State Bank v. First State Bank's Receiver, 159 Ky. 484. But, it is uniformly held that the allowance thus made at the prior term of court may be considered in determining the amount of succeeding allowances. Considering the matter from this standpoint, it appears that the special labors of the receiver were practically confined to a period from January 5th to April 12, 1921; and, although the assets amounted to over $28,000.00, that $11,400.00 realized from the sale of leases of the real estate was turned over to the preferred creditors without collection. The same was true of seven or eight thousand dollars of sale notes delivered to preferred creditors after April 12, 1921, and which the receiver had not collected, so that the actual collections by the receiver, including interest, was little, if any, in excess of $8,000.00, and his actual services subsequent to April 12, 1921, were of no great consequence. Taking his services as a whole he was amply compensated both for the statutory and special services by the allowance of $1,335.50 made April 12, 1921. We have seen that we cannot inquire into this, but certainly nothing further should be allowed.

Additional grounds are urged by David Adams as to the payment of the $500.00 allowance out of funds in which the court by an order made at a former term had given him a preference. As we have found the $500.00 allowance improper this ground is immaterial.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.