## Chipps, et al. v. Bishop, Assignee, et al.

(Decided November 17, 1925.)

Appeal from Livingston Circuit Court.

1. Assignments for Benefit of Creditors—Allowance of Fees to Assignee and Attorney, and Fixing Basis for Payment, is Final Order which Cannot be Set Aside at Next Term.—Allowance of fees to assignee for benefit of creditors and his attorney, and fixing basis for their payment by commissioner, is a final order which may be enforced by rule against commissioner and which cannot be set aside by court at term following one in which order was granted.

2. Appeal and Error—Where Only Appeal was from Proper Order Refusing to Set Aside Judgment, Judgment will be Affirmed.— Where only appeal before court was from an order refusing to set aside a judgment, which order was proper, in that judgment appealed from was final, but no appeal was taken from judgment, the judgment will be affirmed.

3. Appeal and Error—No Question Concerning Order Directing Execution of Judgment Presented where no Appeal Therefrom.—In appeal from an order refusing to set aside an allowance of fees to assignee and attorney, no question concerning an order directing execution of judgment is presented, where no appeal from such order was prosecuted.

GRASSHAM & ALEXANDER for appellants.

CHAS. FERGUSON for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Appeal granted January 2, 1924, affirmed; appeal granted December 6, 1923, dismissed with damages.

Theodore Sick on December 14, 1920, executed a deed to W. D. Bishop conveying all his property to him for the use and benefit of his creditors. The estate consisted mainly of land and was of value about $60,000.00. The debts amounted to over $100,000.00. Most of the land was covered by mortgage. On December 31, 1920, Bishop

brought this suit for the settlement of the trust. The
creditors appeared. There was a prolonged litigation
over the different liens, which was finally settled by a
judgment of the court and the sale of the land was
ordered. After this on December 7, 1921, the court en-
tered the following order:

> "It is ordered by the court that the cost herein
> be paid out of the unencumbered property so as not
> to affect any lien holders, and in case there is not
> sufficient funds to pay all of said costs then such
> part thereof as may remain unpaid after the unin-
> cumbered property is exhausted shall be pro rated
> and charged against each item of real estate and
> other encumbered property according to the proceeds
> derived from sale of said property, that is, the sale
> price thereof, and the proceeds of the respective sale
> bonds shall be applied first *pro rata* in the payment
> of said cost."

On the same day the court entered an order allow-
ing Bishop as assignee about $1,800.00 and allowing
Charles Ferguson, his attorney, a fee of $5,000.00, both
to be taxed as cost. On the same day appellants and
other lien creditors entered a motion to set aside the
order making the allowances to Bishop and Ferguson
and also the order directing the cost to be paid out of the
encumbered property. The court heard these motions
and entered an order overruling them but fixing the al-
lowance to the assignee at $2,000.00. These orders were
made by the Hon. Carl Henderson, as circuit judge, whose
term expired in January, 1922. At the next term of
court appellants, pursuant to notice, entered their motion
before the circuit court to treat as void the orders and
allowances of Charles Ferguson, attorney, and W. D.
Bishop, assignee, and to correct and retax the cost with
reference to them, and on September 16, 1922, the follow-
ing order was entered:

> "The motion of Chipps Bros. made at the last
> term of this court, April, 1922, for the purpose of
> having this court to hold and treat as void the orders
> and allowances heretofore made by this court allow-
> ing to Charles Ferguson and W. D. Bishop certain
> fees and allowances and for the purpose of taxing
> cost, etc., coming on to be heard and the court being
> fully advised by examination of the record and

by argument of counsel and by their respective briefs furnished herein now overruled said motion to retax cost herein, for the reason that orders pertaining thereto were made by this court at a former term, as appears of record, after due consideration thereof, and that said orders are final orders as to said claims and allowances and fees and that this court is without authority to set aside or disturb said orders. To the ruling of the court the defendants, Chipp Bros., object and except and pray an appeal to the Court of Appeals, which is granted.''

On December 4, 1923, this appeal was dismissed. On January 2, 1924, a motion was entered in this court that an appeal be granted and that the appellants be allowed to prosecute it on the transcript already filed. The motion was sustained. As shown from the statement then filed, the judgment appealed from was the order entered on September 16, 1922, above quoted. At its September term, 1923, the circuit court proceeded to ascertain how much of the cost should be paid by each of the creditors, and among other things adjudged the amount to be paid by Chipp Bros. to be $2,000.00, and directed an execution to issue in ten days if the money was not paid within that time. Motions were made to set aside this judgment which were passed to December 6, 1923, and were then overruled and an appeal was granted to this court. On December 14, 1923, Chipps Bros. executed a supersedeas bond before the clerk of the circuit court and obtained a supersedeas. On January 18, 1924, they tendered in this court in the pending appeal an additional transcript containing the proceedings of the court from the September term, 1923, up to that time, but they filed no statement for an appeal from the judgment of December 6, 1923, and paid no tax thereon. On January 16, 1925, Bishop and Ferguson filed a copy of this judgment and supersedeas bond and moved to dismiss this appeal with damages.

By the judgment ordering the sale of the property, entered on September 9, 1921, W. D. Bishop was appointed special commissioner to make the sale and was directed to take bonds for the purchase money, payable to himself, and to collect the bonds as they became due and pay first the cost in the action and then apply the proceeds of each sale to the satisfaction of the liens adjudged against the property sold. By the orders en-

tered on December 7th it was ordered that the cost be paid out of the unencumbered property, and in case there was not enough of this fund to pay all the cost then the remainder should be paid *pro rata* by the different pieces of encumbered real estate, and the court fixed the allowance to Bishop at $2,000.00 and to his attorney at $5,000.00, both to be taxed as cost; to all of which the lien holders excepted and prayed an appeal to the Court of Appeals, which was granted. The orders made on December 7th are to be read in connection with the judgment of sale entered on September 9th. The judgment ordered the cost paid first before any distribution of the proceeds was made. The order of December 7th fixed the amount of the allowances to Bishop and his attorney and fixed the basis on which the commissioner should pay the cost. Such an order making an allowance to be taxed as cost is a final order. Stockholders v. First Bank, 159 Ky. 484; Hibbs v. Perkins, 206 Ky. 201. The order of the court fixing the amount of the cost and directing the commissioner to pay it out of the several funds on a *pro rata* basis, was such an order as might be enforced by rule against the commissioner if he did not obey it. For all he had to do was to make the figures and pay out the money on the basis indicated by the court.

We therefore conclude that the order of December 7, 1921, was a final order. This being true the circuit court was without power to set aside this order on motion at the next term. The only appeal before us is the appeal granted January 2, 1924, from the order of the circuit court entered September 16, 1922, refusing to set aside the former judgment of the court, and as this order was properly entered the judgment must be affirmed. No appeal has been taken from the judgment of December 7, 1921.

If the order of December 7th was not a final order the order at the subsequent term refusing to set it aside was equally not final, and no final judgment in this view of the case was rendered until December 6, 1923. An appeal was granted by that order to this court and a supersedeas bond was then executed. But no appeal was prosecuted by appellants from that order. If the commissioner had not made proper figures the court had jurisdiction at that time to determine whether he had properly apportioned the cost and to fix the proper amount to be paid by each piece of property. But no appeal having been prosecuted from that order this ques-

tion is not before us.  The motion of appellees to dismiss with damages the appeal granted by the circuit court on December 6, 1923, must be sustained.

On the appeal granted January 2, 1924, the judgment is affirmed.  The appeal granted by the circuit court December 6, 1923, is dismissed with damages.