## Black Hawk Coal Company v. Hazard Fruit Company.

(Decided May 7, 1926.)

### Appeal from Perry Circuit Court.

1. Appeal and Error.—Order, confirming receiver's report, and making allowance to him and other persons in administration of receivership, is final order, from which appeal may be prosecuted.

2. Receivers—Fact that Receiver was Appointed in Another Jurisdiction After Creditor Filed Suit for Judgment and Appointment of Receiver did Not Abate His Action; and, Though he was Not Entitled to Receiver, Court had Right to Give Him Personal Judgment.—Where creditor instituted action for judgment and appointment of receiver, fact that other creditors thereafter instituted in another jurisdiction an equitable action against debtor, and had receiver appointed, did not abate first action; and fact that plaintiff in that action was not entitled to have receiver appointed does not deprive court of right to give him personal judgment.

WOOTTON & WOOTTON and GARNETT & VAN WINKLE for appellant.

T. E. MOORE, JR., and W. A. STANFILL for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

On the 29th of August, 1924, appellee filed its equitable action against appellant in the Perry circuit court asking judgment against it for $552.50 on an unsecured general claim, and in the same action sought the appointment of a receiver for appellant company. On the 15th of September, 1924, the circuit judge of that district, after notice and hearing, appointed a receiver, from which judgment an appeal was promptly prosecuted to this court. The appeal was docketed and advanced in this court, and on the 7th of October, 1924, upon the motion of appellant therein this court entered an order suspending the powers of the receiver appointed therein and restraining him from exercising any authority during the pendency of the appeal. Then on October 28th, 1924, this court reversed the order appointing a receiver, holding in substance that in the absence of averments of insolvency or some particular equity a simple unsecured contract creditor of a corporation whose claim had not been reduced to judgment, and who had no lien on the property of the corporation, was not entitled to have a receiver appointed either under the provisions of our Code or otherwise.

On the 21st of January, 1925, the mandate of this court reversing that order was filed in the Perry circuit court. But two days theretofore and on January 19th, 1925, the receiver who had been appointed September 15, 1924, filed his report in the Perry circuit court, and on the 22nd of January, 1925, appellant entered its objection to that report. Then at a subsequent term, and on the 29th of May, 1925, the court, notwithstanding such objection, confirmed the report of the receiver by an order, and adjudged a prior lien against the property of appellant in the total amount of $984.46, the cost of the receivership shown by the report. Then at a still later term of the Perry circuit court that court entered a personal judgment as prayed for by the plaintiff in that action against appellant for $552.50, the amount of its unsecured debt.

There was no exception to the order confirming the receiver's report, but appellant did except to the personal judgment entered on the third of October, 1925, and prayed an appeal to this court. The statement on appeal here recites that it is from a final order entered in

the Perry circuit court on the 13th day of October, 1925, obviously meaning the 3rd day of October, 1925, and having reference alone to the personal judgment.

It is perfectly clear that there is no appeal here from the order confirming the report of the receiver, if that order itself is a final one from which an appeal might be prosecuted. In the first place neither the receiver nor any of the other persons to whom allowances were made in the report are parties to this appeal. Not only does the statement filed here negative the idea that an appeal is prosecuted from the order of confirmation, but neither the receiver nor the other persons interested in the allowances made in that order are made parties.

That an order confirming a receiver's report and making allowance to him and to other persons in the administration of the receivership, is a final order from which an appeal may be prosecuted was distinctly held in Hibbs v. Perkins, 206 Ky. 198, and Stockholders of First State Bank v. First State Bank's Receiver, 159 Ky. 484.

That order then being a final order, and there being no appeal prosecuted from it, we are relieved from passing upon most of the questions discussed in appellant's brief.

Subsequent to the filing of appellee's action in the Perry circuit court another action was filed in the Jefferson circuit court wherein likewise a receiver was sought for appellant company and thereafter such receiver was appointed in the Jefferson circuit court action, and that receiver has never been made a party to this action.

The fact that others after the filing of appellee's petition instituted in another jurisdiction an equitable action against appellant and had a receiver appointed therein, did not have the effect to abate appellant's previously instituted action. He had first gone into court asking not only for a judgment against appellant for his unsecured claim, but also asking for the appointment of a receiver; and the fact that he was not entitled to have the receiver appointed as he asked does not deprive that court of the right thereafter to give him a personal judgment for his debt, although in the meantime a receiver for the same defendant had been appointed in another jurisdiction. 23 R. C. L. p. 48; Venner v. Denver Union Water Co., 40 Colo. 212, 90 Pac. 623, 122 A. S. R. 1036; Toledo, etc., R. Co. v. Beggs, 85 Ill. 80, 28 Am. Rep. 613; Hunt v. Columbian Ins. Co., 55 Me. 290, 92 Am. Dec. 592,

also notes in 5 A. S. R. p. 315, 74 A. S. R. p. 287, and Ann. Cas. 1915C 1248.

Obviously the only judgment appealed from in the Perry circuit court was correctly entered, for appellee had invoked its jurisdiction before the filing of the action for a receiver in the Jefferson circuit court.

Judgment affirmed.