# United States Fidelity & Guaranty Company of Baltimore, Maryland, v. Adams' Executors.

(Decided December 13, 1929.)

## Appeal from Livingston Circuit Court.

CHARLES FERGUSON for appellant.

C. C. GRASSHAM for appellees.

OPINION OF THE COURT BY JUDGE GRIGSBY—Affirming on cross-appeal and reversing on original appeal.

In 1921 a suit was filed in the Livingston circuit court, styled L. C. Hibbs et al. v. C. E. Bussey et al., in which H. D. Perkins was appointed receiver of the partnership business of Hibbs & Bussey, then being settled in that suit. The appellant, the United States Fidelity & Guaranty Company of Baltimore, Md., became the surety of H. D. Perkins, receiver. During the pendency of this suit, H. D. Perkins was allowed a fee of $500 for special services, and the judgment of the lower court adjudged the $500 to be paid prior to a lien debt of plaintiff, David Adams. Adams appealed to this court from the judgment of the Livingston circuit court allowing the fee of $500, with superior lien, and H. D. Perkins also appealed from so much of the judgment as failed to allow him an additional sum claimed by him in that suit. This judgment was not superseded by Adams, nor by Perkins, receiver.

While the judgment of the circuit court was in full force and effect, there being no supersedeas, the receiver paid the $500 pursuant to the judgment. This court reversed the judgment of the Livington circuit court as to the allowance of $500 to Perkins for his services. That opinion is found in 206 Ky. 198, 266 S. W. 1075.

After the reversal of this judgment by this court Adams instituted this action in the Livingston circuit court against the United States Fidelity & Guaranty

Company to recover from it, as surety of H. D. Perkins, the sum of $1,516.60, together with interest thereon. Later, on September 6, 1926, Adams filed an amended petition in which he stated that he had been paid by Receiver Perkins all of the indebtedness due him, as adjudged by the Livingston circuit court that he should, under the order and judgment of April 14, 1921, in the case of Hibbs v. Perkins, supra, excepting $728.50, which represented the judgment against Perkins, receiver, for debt and interest of $592.50 to August 30, 1926, the costs with interest for $136, for which he had obtained judgment against H. D. Perkins, receiver, as set forth in his petition, and prayed judgment for $728.50, with interest from August 30, 1926.

Issues were properly joined in which the defendant, United States Fidelity & Guaranty Company, relied on the following defense:

"That this plaintiff was a party to the original receiver suit of Bussey & Hibbs in which the said H. D. Perkins was appointed receiver; that he was a party at the time the order was made in the circuit court allowing the said receiver his claim of $500.00 appealed from and resisted the claim and the allowance thereof; that after hearing said trial the court by judgment allowed the said Receiver, H. D. Perkins said claim of $500.00, thus reducing the amount to be applied on the indebtedness of this plaintiff, David Adams by said sum of $500.00, and for which reason he was resisting the claim of said receiver.

"The defendant further states that said $500.00 claim was paid Receiver Perkins under order and judgment of this court; that said judgment was not superseded; that plaintiff without superseding or otherwise preventing the payment of said claim prosecuted with others the appeal attempted to be set out; that by reason thereof this defendant as surety of said Receiver is released from liability; that said Receiver could not refuse to pay said claim; that plaintiff not having superseded the said judgment or order allowing said claim can now look only to the distributee, H. D. Perkins for re-payment of said sum. . . . That said money was paid to said distributee under valid and binding orders of this court and said order is a protection to this defendant as surety for said Receiver, H. D. Perkins, an officer of the court in said case of Hibbs v. Bussey."

During the pendency of this action Adams died, and the suit is now being prosecuted in the name of L. H. Adams, etc., executors of David Adams, deceased.

A number of other questions are raised in this case, but, in view of the decision we have reached, it will be necessary in this opinion to discuss only one question, that raised by the portion of the answer above quoted.

The covenant of the bond is that: "Said H. D. Perkins will faithfully discharge the duties of receiver in this action, and obey the orders of the court therein." The money was paid out under order of the Livingston circuit court which had not been superseded and was paid before a reversal, and it is our opinion that this order or judgment of the Livingston circuit court was a protection to the surety, and that restitution is a personal matter to be made by distributee.

H. D. Perkins, receiver, for whose acts defendant as surety is liable, and H. D. Perkins, distributee, to whom this money was paid, are in law different persons, and the surety would not be liable for the acts of H. D. Perkins, distributee.

Section 747 of the Civil Code of Practice provides: "An appeal shall not stay proceedings on the judgment unless a supersedeas be issued."

In Hess v. Deppen, 125 Ky. 424, 101 S. W. 362, 363, 15 Ann. Cas. 670, this language is found: "The rule is also elementary that a judgment which is erroneous, but not void, protects all persons for acts done in obedience to it while in force."

The law seems well settled that diligence and the utmost good faith are required to be observed by the party claiming against the surety, unless it is otherwise provided. Wolthausen v. Timpert, 93 Conn. 260, 105 A. 678; Aetna Bank v. Hollister, 55 Conn. 188, 10 A. 550. Also, Brandt on Suretyship & Guaranty (3d Ed.) vol. 1, sec. 106, states that the general rule is that: "The party secured or guaranteed must exercise the utmost good faith in all of his dealings with the principal obligor and strictly comply with the terms of the contract secured and any failure on his part to do this will result in the release of the surety."

In view of the authorities above quoted, we are of the opinion that the failure of Adams to execute a supersedeas bond in the case of Hibbs v. Perkins, supra, which failure permitted the $500 in controversy in this action to be paid out by the receiver, should preclude him from

holding the surety liable in this case, and we are further of the opinion that, in view of the decision reached on this appeal, inasmuch as the question raised on the cross-appeal arose out of the same transaction, the lower court was correct in its ruling on the question raised by the cross-appeal, though it was in error on the question raised in the original appeal.

Wherefore the judgment is affirmed on the cross-appeal and reversed on the original appeal.