## St. Paul National Bank v. Hays et al.

(Decided Jan. 30, 1934.)

572

W. E. FAULKNER and FAULKNER & FAULKNER for appellant.

J. E. JOHNSON, Jr., and F. J. EVERSOLE for appellees.

Opinion of the Court by Judge Clay—Reversing.

In an action brought by McGavock Hays and S. F. Lucas against S. R. Jennings and Wakenva Coal Company, W. T. Simpson was appointed receiver of the royalties due and to become due on an undivided one-fourth interest in certain coal, and to hold same subject to the orders of the court. Thereafter the action was consolidated with an action brought by the St. Paul National Bank against J. R. Simmonds, etc., and it was finally adjudged that the bank was entitled to the royalties in question, which were payable by the Blue Grass Mining Company. After the expenditure of considerable time and effort, the bank succeeded in obtaining a report from the receiver. According to this report the total amount of money collected by the receiver was $4,900.44. Of this amount there was deposited to his credit in the First National Bank of Hazard, which was then in liquidation, the sum of $3,525.34. Between January and June, 1932, the receiver had collected $742.53, which had been paid over to the bank. He also paid a $20 premium on a bond which he had executed as receiver with Fidelity & Deposit Company as surety. Of the remaining amount of money there was loaned to the receiver individually the sum of $612.17, which had not been repaid. The report was accompanied by a motion that the receiver be allowed a reasonable fee for his services. In the motion it was alleged that $600 was a reasonable fee, "said sum to include certain expenses which he has incurred as such receiver." In support of the allowance the receiver stated that he had acted continuously as receiver until the present time, a period of approximately 28 months, that he had employed and had the advice and services of an attorney from time to time since the date of his appointment, and had made several trips out of the city and as far as 150 miles distant therefrom at his own expense, and that the allow-

ance prayed for was intended by him to cover said costs and expenses. The bank filed numerous exceptions to the commissioner's report, and also several objections to the allowance of any compensation. After the receiver had filed a response to the exceptions to his report, the exceptions were overruled, and the receiver's compensation was fixed at $600. After reciting that it was shown by the report of the receiver that he was individually indebted to the receiver in the sum of $612.57, it was ordered that the allowance be applied on the indebtedness and that the receiver pay to the bank the balance of $12.57. Thereafter the bank moved to set aside the order confirming the receiver's report and making allowance for his services in the sum of $600, but the motion was overruled. From the orders overruling the exceptions to the receiver's report and allowing him $600 for his services and from the order refusing to set aside the foregoing order, the bank appeals.

Section 396, Kentucky Statutes, provides:

"No allowance in any case shall be made to a commissioner or receiver until he has filed in court a written statement under oath of the number of days he has acted; and in all cases evidence may be heard for and against an allowance."

The statute is mandatory, and except in cases of special or extraordinary services, Hibbs v. Perkins, 206 Ky. 198, 266 S. W. 1075, it is error to make an allowance to a receiver until the required affidavit is filed. Here the motion was not accompanied by an affidavit of the receiver, no opportunity was given appellant to contest the facts stated in the motion, and, the case not being one of special or extraordinary services, it was error for the court to make the allowance. Continental Supply Co. v. Sandy River Oil Company's Receiver, 218 Ky. 248, 291 S. W. 49.

In the event the affidavit required by the statute is made on the return of the case, it is deemed proper to call attention to the following provisions of section 1740, Kentucky Statutes, fixing the fees of receivers and commissioners:

"To master commissioner or receiver, where the amount is not agreed upon by the parties, for each day they are actually engaged, three dollars [$3.00]. * * *

"For receiving and paying out money under an order of court, where the amount is one thousand dollars [$1,000] or less, two per centum.

"Where the amount is more than one thousand dollars [$1,000], but does not exceed two thousand dollars [$2,000], two per centum on the first one thousand [$1,000] and one and one-half per centum on the excess.

"Where the amount is more than two thousand [$2,000], but does not exceed five thousand dollars [$5,000], two per centum on the first thousand, and one and one-half per centum on the second one thousand [$1,000], and one per centum on the excess.

"Where the amount is over five thousand dollars [$5,000], he shall receive fees on the first five thousand dollars [$5,000], as above provided, and one-half of one per centum on the remainder."

As the receiver did not take charge of and perform any special or extraordinary services in the management of the coal property, the receiver is entitled to only the statutory fees. Fidelity National Bank's Receiver of Cincinnati v. Youtsey, 81 S. W. 263, 26 Ky. Law Rep. 340. In the circumstances his allowance should not exceed $3 a day for each day he acted in collecting and depositing the royalty received and to the statutory commissions on the amount of money actually distributed by him. In addition to this, he may be allowed the $20 premium paid for his bond. He may also be allowed a reasonable attorney's fee, provided it was necessary for him to obtain the advice of an attorney in administering the trust, but not if the attorney was employed solely for the purpose of defending the receiver against the steps of the bank to require him to report and settle. It will also be proper to allow him such traveling expenses as are shown to have been reasonably necessary in the performance of his duties. However, the amount of such attorney's fee and the amount of the traveling expenses and the reasonable necessity therefor should appear in the affidavit. At the same time the receiver will be required to state how long he had the $612.50 borrowed, and will be charged interest thereon for that period of time.

Wherefore, the judgment is reversed, and cause remanded for proceedings not inconsistent with this opinion.