## Wolfe County et al. v. Tolson et al.

May 7, 1940.

J. B. Howard, Judge.

M. E. Strange, Chas. E. Lindon and Beverly White for appellant.
Leebern Allen for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming in part and reversing in part.

Wolfe County sued Miles Tolson, former jailer, and the sureties on his official bond to recover $750, alleged to have been illegally received by him as compensation. The circuit court sustained a plea of res adjudicata and the county appeals.

In April, 1933, the fiscal court fixed the annual salaries of the several county officers who should be elected in the following November to take office in January, 1934. As a "salary" the sum of $300 was appropriated for "the jailer for heating and lighting the court house." Tolson was elected, and in December, 1933, filed a suit in the circuit court to require the fiscal court to pay him more than $300 a year. In September, 1935, a judgment agreed to by the County Attorney was rendered awarding Tolson recovery of $200 per annum additional for a four-year term "for taking care of the public property and heating and lighting the court

house and jail and keeping same clean and in a sanitary condition." That judgment was never set aside and the court held it to be a bar to this action.

If the court rendering a judgment pleaded in bar did not have jurisdiction of the subject matter or the parties to the action, the rule of res adjudicata has no application, for it is an ineffective adjudication. Lewis v. Lewis, 196 Ky. 701, 245 S. W. 509. In fixing the salary or compensation of public officers, as prescribed by Section 3948 of the Statutes, the fiscal court exercises an exclusive judicial discretion and the only relief from its judgment is by a timely appeal to the circuit court. The latter court has no jurisdiction to entertain an independent suit to set it aside or modify it. Monroe County Court v. Miller, Judge, 132 Ky. 102, 116 S. W. 272; Akins v. Peak, 239 Ky. 847, 40 S. W. (2d) 324; Caddell v. Fiscal Court of Whitley County, 258 Ky. 114, 79 S. W. (2d) 407. In the Monroe County case, it is specifically held that the County Attorney has no power to agree that an order of the fiscal court fixing the salary of an officer may be set aside. This case is controlled in all respects by that opinion. The court, therefore, erred in sustaining the plea of res adjudicata, for the void judgment gave nothing to the plaintiff. Carpenter v. Moorelock, 151 Ky. 506, 152 S. W. 575. The order of the fiscal court appropriating $300 a year remained final, and the payment of any excess sum was illegal.

The law raises an implied contract on the part of the jailer to pay back money so unlawfully received. Clark v. Logan County, 138 Ky. 676, 128 S. W. 1079; City of Princeton v. Baker, 237 Ky. 325, 35 S. W. (2d) 524. The petition stated a cause of action against Tolson.

The sureties on his bond stand on a different plane. The terms of their bond were that Tolson would faithfully discharge the duties of his office and "pay over to all parties entitled thereto any funds that may come into his hands by virtue of his office as jailer." Fees and compensation collected by an officer illegally, as under a void authority, are not within the contemplation of the bond. Clark v. Logan County, supra; Elliott v. Commonwealth, 144 Ky. 335, 138 S. W. 300.

The judgment is affirmed in so far as it dismissed the petition against the sureties on the bond and is re-

versed to the extent that it held the former judgment to be a bar to recovery from the former jailer of the money alleged to have been unlawfully paid him.