**Hadi KARAMI and Ahmad Karami, Appellants,**

v.

**Teresa Marie ROBERTS, Appellee.**

Court of Appeals of Kentucky.

March 28, 1986.

William Miles Arvin, Ellen L. Miller, Nicholasville, James H. Frazier, Robert S. Strother, Lexington, for appellants.

David E. Roseberry, Jack E. Ruck, Ruck, Roseberry, Wilson & Cooper, Louisville, for appellee.

Before COMBS, DUNN and HOWARD, JJ.

COMBS, Judge.

This is an appeal from the judgment of the Jessamine Circuit Court, setting aside appellee's love and affection conveyance of property to appellant Ahmad Karami as procured by duress.

Appellee Teresa Marie Roberts married appellant Hadi Karami in 1978. Shortly after the marriage, the couple acquired a 73-acre farm in Jessamine County, Kentucky, for $110,160.00. Hadi and Teresa executed a note and mortgage to secure the farm's down payment. Prior to moving in, Teresa and Hadi worked full time to clear the farmland and remodel the house. Teresa paid for improvements to be placed on the farm property and contributed to the mortgage payments.

After the marriage, Hadi advised Teresa that a woman's role was that of a servant and an individual who could neither own property nor exercise individual rights. On December 18, 1978, Hadi decided to transfer the farm to his father and ordered Teresa to accompany him to the Jessamine County courthouse. Teresa objected, but Hadi replied that she had no rights. Teresa testified that Hadi "started shaking me, and he got his hands around me and started choking me. I tried to get away and he just tightened it up and kept shaking me and shaking me, and finally I fell to the floor. He said for me to get up, and we were going to the courthouse." Hadi and Teresa conveyed the Jessamine County farm to Hadi's father for "love and affection."

Following the conveyance, Hadi engaged in a pattern of conduct designed to humiliate Teresa, treating her as a servant and threatening her with physical violence. Nine days later, Hadi ordered Teresa to appear at an attorney's office at eight o'clock the next morning for a divorce. When Teresa objected, Hadi sexually attacked her, threw her to the floor, and attempted to choke her once again.

The next morning, Teresa executed a "joint petition" for dissolution of marriage and a property settlement agreement prepared by Hadi's attorney. Teresa did not seek independent legal advice at any time during the divorce proceedings. After the divorce, Teresa remained on the Jessamine County farm for several months. During that time, Hadi continued to humiliate Teresa and exhibited violent behavior on several occasions. Teresa stated that "he would again try to choke me, he would throw me against the wall or across the room, he had forbidden me to go see any of my friends. He told me that I had work to do on the farm before I could ever leave, and that those chores had to be carried out." In March of 1979, Teresa moved to her parents' home in Louisville, Kentucky.

Several months later, Hadi resumed a relationship with Teresa which resulted in her pregnancy. Although Hadi was in Iran during her pregnancy, Hadi's relatives maintained contact with Teresa. After the child was born, Hadi advised Teresa that he might take the baby to Iran, stating that "kidnapping was the way to do it." Hadi travelled between the United States and Iran several times during the next eighteen

months, but he continued to threaten Teresa and her child during his visits to this country.

In 1983, Teresa brought this action to set aside the conveyance of the Jessamine County farm, alleging that she executed the love and affection deed under duress. Hadi and his father resided in Iran at that time, and they replied that they were unable to return to the United States to defend themselves. In September of 1984, Hadi's attorney filed a motion for a continuance on those grounds. The court sustained the motion, resetting trial for January 21, 1985, at nine o'clock a.m.

On the morning of trial, Hadi's attorney filed a second motion for a continuance alleging the same grounds. The court overruled the motion, recognizing that Hadi and his father might never be able to come to the United States and that it would be unfair to Teresa to delay the matter indefinitely. After hearing all the evidence, the jury found that Teresa executed the love and affection conveyance under duress. Pursuant to the jury verdict, the court set the deed aside.

■ Appellants raise numerous issues on appeal. First, they allege that the lower court wrongfully denied their motion for a continuance based on their inability to leave Iran. We disagree. Kentucky courts consistently hold that "an application for a continuance is addressed to the sound discretion of the court and the action of the court will not be disturbed unless that discretion is abused." *Lewis v. Liming*, Ky.App., 573 S.W.2d 365 (1978). *See also Williams v. Commonwealth*, Ky., 644 S.W.2d 335 (1982). The lower court had already granted one continuance based on appellants' alleged inability to attend the trial. Furthermore, appellants did not object to the rescheduled trial date of January 21, 1985 until the morning of trial. We also note that appellants' counsel made no attempt to depose appellants, to record a telephone conversation with appellants, or to place their testimony before the court through any other means. Although the trial court could have granted appellants a

second continuance based upon their absence, we do not believe the court abused its discretion in overruling the motion. *See Stallard v. Witherspoon*, Ky., 306 S.W.2d 299 (1957).

Appellants' second argument alleges that Teresa's action to set aside the love and affection conveyance is barred under the doctrines of res judicata and collateral estoppel. According to appellants, if Hadi forced Teresa to execute the deed, then Teresa retained an interest in the property at the time of the divorce. Appellants argue that if Teresa "had any right or claim against the property at bar the adjudication on the final decree of dissolution and the ancillary agreements acted as a final resolution of [her] rights to said property."

■ We disagree with appellants' contentions. As a general rule, "res judicata is a bar to a subsequent action where a former judgment has been rendered by a court of competent jurisdiction between the same parties upon the same matter directly involved in the prior suit." *Wallace v. Ashland Oil & Transportation Company*, Ky., 305 S.W.2d 541, 543 (1957). "If the court rendering a judgment pleaded in bar did not have jurisdiction of the subject matter or the parties to the action, the rule of res adjudicata has no application, for it is an ineffective adjudication." *Wolfe County v. Tolsen*, 283 Ky. 11, 13, 140 S.W.2d 671 (1940). In this case, Hadi and Teresa conveyed the Jessamine County farm to Hadi's father before initiating divorce proceedings. In fact, Hadi and Teresa's divorce decree states that they did not own the Jessamine County farm and it was not included in their marital property. Clearly, the Fayette Circuit Court had no jurisdiction to adjudicate Hadi's and Teresa's rights to property which they did not own, and its final judgment does not bar this action. *See Wolfe County v. Tolsen*, 283 Ky. at 11, 140 S.W.2d at 671.

■ We also note that Hadi's and Teresa's divorce decree was entered pursuant to an agreed judgment between the parties. A prior agreed judgment operates

as res judicata in a subsequent action only if free from fraud or duress. *Smith v. Smith*, 295 Ky. 50, 173 S.W.2d 813 (1943). In this case, Hadi's attorney represented both Hadi and Teresa in the divorce proceeding. Hadi's attorney drafted the separation and property settlements which the court incorporated into its final decree of dissolution. The record contains overwhelming evidence that Hadi forced Teresa to use his attorney and agree to his terms by physical violence and threats. Even if we thought the divorcing court had jurisdiction over the Jessamine County farm, any judgment derived from such a one-sided duress-ridden fundamentally unfair proceeding would be void for the purposes of res judicata. *Sedley v. City of West Buechel*, Ky., 461 S.W.2d 556 (1971).

Appellants' final arguments allege that Teresa waived her claims to the Jessamine County farm, and that such claim is barred by laches and ratification of the deed. Appellants also argue that the court erred in admitting evidence of Hadi's and Teresa's daughter.

We are not impressed with appellants' arguments. Evidence concerning Hadi's and Teresa's daughter along with Hadi's threatening acts was admissible to explain Teresa's delay in bringing this action. We also conclude that the lower court properly refused to grant appellants summary judgment or a jury instruction on their claims of waiver, laches and ratification. In our opinion, a statutory period of limitations overrides the common law doctrine of laches in that particular action. *See e.g., Grovers Administrator v. Dunagan*, 299 Ky. 38, 184 S.W.2d 225 (1944). The evidence shows that appellants failed to establish their defenses of ratification and waiver as a matter of law. The trial court did not err in refusing to instruct the jury on issues which were not supported by the evidence. *Smith v. Langley*, Ky., 410 S.W.2d 151 (1967).

The judgment of the Jessamine Circuit Court is affirmed.

All concur.