COLUMBIA COAL COMPANY and Old Re-
public Insurance Company, Appellants,

v.

Clyde GRIFFIE et al., Appellees.

Court of Appeals of Kentucky.

March 8, 1968.

Fred G. Francis, Howard, Francis &
Howard, Prestonsburg, for appellants.

W. W. Burchett, Prestonsburg, Thomas
R. Emerson, Frankfort, for appellees.

CLAY, Commissioner.

In this workmen's compensation case the
circuit court confirmed an award of total
and permanent disability benefits against
the appellant employer. The only issue
on appeal is whether the Board should have
apportioned the award between the em-
ployer and the Special Fund in accordance
with the report of a physician who was
appointed under KRS 342.121.

In 1944 the employee had severely injured
his right leg and was disabled for several
years (for which he received compensa-
tion). After returning to work with ap-
pellant, he received an injury to his back
which resulted in the present claim. Ad-
mittedly he is now totally disabled.

It appearing that the employee's present
disability was to some extent attributable
to his prior injury, on motion of both
parties the Special Fund was made a
party to the proceeding. KRS 342.120.
The Board appointed Dr. T. Rothrock
Miller to make a determination of the

proper apportionment of liability under the provisions of KRS 342.121. He filed his report in which his findings were in substance that the employee's total disability was 50 percent, the latest injury produced a disability of 15 percent, and the pre-existing injury and an arthritic condition contributed 35 percent. The deposition of Dr. Miller was taken and he testified that his percentages related to "functional" disability, which must be distinguished from "vocational" disability.

Under KRS 342.121(4) the findings of Dr. Miller with respect to medical questions were conclusive upon the Board "unless specific objections thereto" were filed with the Board. The employee did make timely application for review and did object to Dr. Miller's findings. These objections, however, were that the employee was totally and permanently disabled and Dr. Miller's percentages should have equaled 100 percent (rather than 50 percent).[1] *No objection was made to the percentage apportionment of disability* as between the employee's latest injury and his pre-existing condition. Those findings must be accepted as conclusive since they are neither inconclusive, incomplete nor ambiguous. Deby Coal Company v. Caldwell, Ky., 383 S.W.2d 905.

In Ed Hall Drilling Company v. Profitt, Ky., 424 S.W.2d 403, we held that the unequivocal findings in such a report (responsive to the medical question involved) must be accepted by the Board to the extent they are not questioned by *specific* objections. Here the employee's only objection was that the percentages should be in terms of vocational rather than functional disability, but no question was raised as to the correctness of the apportionment. Such being the case, the Board was bound by the apportionment.

The employer admits and the proof establishes that the employee, from a vocational standpoint, is totally and permanently disabled. To convert Dr. Miller's percentages of functional disability into vocational disability simply requires the doubling of his figures. Since the employee is 100 percent disabled, 30 percent is attributable to the last injury and 70 percent to the pre-existing condition. Therefore the award should have apportioned liability as between the employer and the Special Fund on that basis.

The judgment is reversed, with directions to remand the case to the Workmen's Compensation Board for the entry of an award consistent with this opinion.

All concur.

1. The employee's objection to Dr. Miller's report raised only the question of translating functional disability into vocational disability, which was a matter that should have been addressed to the Board rather than to the report.