John W. YOUNG, Commissioner of Labor, of the Commonwealth of Kentucky and Custodian of the Special Fund, Appellant,

v.

J. S. GREER MEAT COMPANY, Inc., Ray Calhoun and Workmen's Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

Feb. 28, 1969.

As Modified March 3, 1969.

Thomas R. Emerson and Martin Glazier, Dept. of Labor, Frankfort, for appellant.

Scott Collins, Prestonsburg, for appellee, Ray Calhoun.

Howard, Prestonsburg, for appellee, J. S. Greer Meat Co., Inc.

OSBORNE, Judge.

■ This is an appeal from a judgment of the Floyd Circuit Court in a Workmen's Compensation proceeding. Ray Calhoun, a butcher, injured his back on January 26, 1965, while lifting meat. He filed a claim for compensation under the provisions of the Kentucky Workmen's Compensation Act. It developed in the proceeding that Calhoun had previously, on April 13, 1961, suffered a back injury. Because of the previous injury his employer joined the Special Fund claiming that a part of his present disability was due to the preexisting condition brought about by the prior back injury. Pursuant to the provisions of KRS 342.121 the Board designated Dr. K. Armand Fischer to examine claimant and report upon disability. Dr. Fischer found Calhoun to be 40% functionally impaired; 15% due to residual disability from a previous injury, 15% due to arousal of the previous injury into further disability and 10% due to the injury received on January 26, 1965. No objections were filed to the report and it, therefore, becomes conclusive as to the medical findings contained therein and the apportionments thereof. Columbia Coal Company v. Griffie, Ky., 425 S.W.2d 755 (1968). The Board in its award gave Calhoun total disability from an occupational standpoint and on the basis of the doctor's report awarded 25% against the employer and 37½% against the Special Fund. The Board excluded from the award the proportion of the injury due to the residual disability from the injury suffered on April 13, 1961 (Calhoun had filed a Workmen's Compensation claim for this injury, but later abandoned the claim).

Appeal was duly prosecuted to the Floyd Circuit Court. The circuit court reversed the Board's decision and awarded compensation against the Special Fund in the amount of 75% and against the employer in the amount of 25%, thereby allowing Calhoun to recover against the Special Fund for disability resulting from the 1961 injury for which he had instituted and abandoned proceedings. Apparently the court was of the opinion that since Calhoun was fully employed at the time of his last injury and the previous injury had not interfered with his occupational status he, therefore, was entitled to recover for his full disability from the Special Fund. The issue must be resolved under KRS 342.120 (4) which makes the Special Fund liable for the difference between the award against the present employer and that portion due to an old illness or injury, "but excluding all compensation which the provisions of this chapter would have afforded on account of prior disabling disease or injury had it been compensated thereunder * * *"

■ Upon this appeal, appellee argues that he was not occupationally impaired and even though he was physically impaired this was not such disability as is contemplated in the exclusion to the above statute. We disagree. We have held that when an employee suffers a functional impairment there is a presumption of occupational disability in the same amount even though he returns to his job and performs his duties without difficulty. See Parrott v. S. A. Healy Co., Ky., 290 S.W.2d 798 (1956), where we said:

"Since the disability set in motion by the injury undoubtedly will limit Parrott's capacity to work and also the scope of his employability in the years ahead of him, * * * compensation should be allowed according to the percentage of incapacity produced by the injury."

From the above it is apparent appellee was entitled to compensation for the previous injury and is precluded from recovery under the terms of the statute. We are of the opinion the award of the Board was

correct and the judgment of the circuit court should be set aside.

Judgment reversed.

All concur except EDWARD P. HILL, J., who was not sitting.