# 928

John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky and Custodian of the Special Fund, Appellant,

v.

James E. PUGH, General Welding Company, and Workmen's Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

Feb. 19, 1971.

Martin Glazer, Dept. of Labor, Frankfort, Gemma M. Harding, Dept. of Labor, Louisville, for appellant.

John Frith Stewart, Segal, Isenberg, Sales & Stewart, Louisville, for James E. Pugh.

James M. Graves, William P. Swain, Boehl Stopher Graves & Deindoerfer, Louisville, for General Welding Co.

NEIKIRK, Judge.

This is an appeal by the Special Fund from a judgment of the Jefferson Circuit Court affirming an award of the Workmen's Compensation Board. The Board found that James E. Pugh was totally and temporarily disabled from November 4, 1968, to March 16, 1969, and totally and permanently disabled since March 16, 1969. The employer, General Welding Company, was directed to compensate its employee, James E. Pugh, for the period of temporary total disability. The Special Fund was adjudged to be responsible to pay the employee for subsequent periods not to exceed 424 weeks in the aggregate. The Special Fund appeals.

The employee sustained an injury to the great toe on his right foot when he stepped on a nail while at work for the General Welding Company as a pipe fitter. He had been a diabetic for twenty-three years prior to the accident. Due to complications from his diabetic condition, the employee's right leg was eventually amputated

below the knee. It is conceded by all parties that the employee is totally and permanently disabled.

The Special Fund contends that the Workmen's Compensation Board and the trial court committed reversible error in attributing the total permanent disability to the arousal of the dormant nondisabling diabetes, pointing out that the diabetic condition of the employee was not a dormant nondisabling disease, but an active, manifest, pre-existing disease condition for which the Special Fund is not liable.

KRS 342.120 provides in part:

"(1) A claimant may in the original application for benefits, or either party may by motion while the case is pending, accompanied by proper allegations, and the board shall upon its own motion at any time before the rendition of the final award, cause the Special Fund to be made a party to the proceedings if either or both of the following appears:

(a) The employe is disabled, whether from a compensable injury, occupational disease, pre-existing disease, or otherwise, and has received a subsequent compensable injury by accident, or has developed an occupational disease;

(b) The employe is found to have a dormant non-disabling disease condition which was aroused or brought into disabling reality by reason of a subsequent compensable injury by accident or an occupational disease."

The Special Fund says that in the instant case, where there has been a subsequent injury superimposed upon an active, manifest, pre-existing disease condition, the provisions of KRS 342.120 do not apply. The employer contends that had there been no prior diabetes, the puncture wound of the toe would have resulted in no permanent disability and thus no liability should be imposed on the employer.

All parties agree, and we concur, that diabetes is a disease. The employee at the time of the industrial accident had a diabetic condition of long duration.

It is claimed that the medical testimony supports the employer's contention that the employee had a dormant nondisabling disease condition which was aroused or brought into disabling reality by reason of the subsequent compensable injury to the great toe.

■ We find from reading the medical testimony and considering it in its entirety that the medical conclusion that the diabetes was a dormant nondisabling disease is not supported by the facts. The disease was not dormant; it was active, effective, and progressive. The employee had been under treatment for the disease of diabetes for years. He took insulin daily to control the malady. Thus, it was a known disease condition. To say that the condition of diabetes in the instant case was quiescent, passive, resting, or static, is to ignore all of the medical testimony to the contrary. At the time the employee injured his toe, he had active, manifest, and known diabetes. The injury was superimposed on an already acutely manifest, active, and effective diabetic condition. The medical evidence taken as a whole, and as applied to the condition of the employee at the time he injured his toe, does not support the statutory requirement that the employee have a dormant nondisabling disease.

■ It is difficult to determine the true legislative intent and meaning of the use of the phrase "a dormant nondisabling disease." The phrase has importance and we must determine that meaning. We conclude that a person who has a disease condition known to him and who is being treated medically for that condition does not have a dormant nondisabling disease condition. This distinguishes the instant case from Young v. L. A. Davidson, Inc. (L. A. Davidson, Inc. v. Ray), Ky., 463 S. W.2d 924 (this day decided).

For the reasons stated, we hold that the Board's finding and the affirmance by the

circuit court that the employee had a dormant nondisabling disease condition which was aroused or brought into disabling reality by reason of a subsequent compensable injury is erroneous.

The employee is totally and permanently disabled. From all the evidence and in conformity with out views herein expressed, the employer is liable.

The judgment is reversed, with directions that the cause be dismissed as to the Special Fund and remanded to the Board for disposition in conformity with this opinion.

All concur.