**Johnny MULLINS, Appellant,**

v.

**AMERICAN TECHNICAL INDUSTRIES, INC., et al., Appellees.**

Court of Appeals of Kentucky.

May. 28, 1971.

Robert J. Greene, George Chad Perry, III, Perry & Greene, Paintsville, for appellant.

W. T. Adkins, Boehl Stopher Graves & Deindoerfer, Lexington, for appellee American Technical Industries, Inc.

Thomas R. Emerson, Dept. of Labor, Frankfort, for appellee Special Fund.

J. Keller Whitaker, Director, Workmen's Compensation Bd., Dept. of Labor, Frankfort, for appellee Workmen's Compensation Bd.

CLAY, Commissioner.

In this workmen's compensation case the Board found the employee to be totally and permanently disabled. Attributing to a prior compensable injury 25% occupational disability, the Board ordered the employer to pay 37½% of the compensation and the Special Fund to pay a like percentage. This order was affirmed on appeal and no question is raised with respect to the apportionment.

The appellant employee's contention is that the Board had no authority to find the

pre-existing 25% occupational disability. It appears that approximately 16 years before the back injury upon which the employee's claim is based, he had been injured in an accident which required a serious operation on a disc in his lower back. Apparently he received compensation benefits for this injury. However, he soon went back to work and over the years had engaged in several types of employment for different employers. He testified that the prior injury gave him "no trouble whatsoever".

A physician was appointed under KRS 342.121 to examine the employee, and, after his report was made, his deposition was taken. This physician was of the opinion that the prior injury had resulted in a 25% *functional* "partial-permanent disability to the body as a whole". Another doctor testified that the prior injury resulted in a weakened condition. In view of this evidence, we do not understand how the employee can contend that there was no evidence whatsoever to justify a finding that he was to any extent occupationally disabled by the prior injury. However, it appears the Board was following Young v. J. S. Greer Meat Company, Ky., 438 S.W.2d 331 (1969), in transposing the functional disability into occupational disability. That opinion has been somewhat modified in the subsequent cases of Young v. Campbell, Ky., 459 S.W.2d 781 (1970); Young v. Young, Ky., 460 S.W.2d 832 (1970); Young v. Floyd County Mining Engineering Company, Ky., 460 S.W.2d 838 (1970); and Young v. Fulkerson, Ky., 463 S.W.2d 118 (1971). In this connection, Osborne v. Johnson, Ky., 432 S.W.2d 800 (1968), also must be considered.

In the latter case we recognized that when a workman has sustained a bodily injury of appreciable proportion, some degree of vocational disability should be compensated for even though he is suffering no earning loss because of his subsequent employment. Consistent with this ruling, we held in Campbell that a pre-existing functional-impairment-rating percentage requires the assignment of some percentage of occupational disability. It is incumbent upon the Board (page 784 of 459 S.W.2d):

> "to determine the percentage of occupational disability actually existing (by reason of the functional impairment) *immediately prior to the occurrence of the work-connected injury and independently of it.*"

The case of Young v. Young, above, is consistent with Campbell, and while holding that "the board must recognize the functional disability as having an occupationally disabling effect", it was reaffirmed that the Board need not equate the occupational with the functional.

The Board in the present case apparently was led into error by reliance on the Greer case. In view of the employee's work record subsequent to the earlier injury, we do not believe the evidence supports a finding of 25% *occupational* disability existing immediately prior to the second injury and existing independently of it. Since the Board should find *some* occupational disability (in view of the evidence of functional disability), we are impelled to direct that the case be remanded to the Board for reconsideration in the light of the later cases above discussed. The Board may, if it deems it necessary or proper, hear further proof on the issue of pre-existing occupational disability.

The judgment is reversed with directions to remand this case to the Workmen's Compensation Board for proceedings consistent with this opinion.

All concur.