**Bertha GRIFFIN, Appellant,**

v.

**BOOTH MEMORIAL HOSPITAL et al.,
Appellees.**

Court of Appeals of Kentucky.

June 4, 1971.

Bernard J. Blau, Kaufmann, Jolly, Johnson & Blau, Newport, for appellant.

James Nolan, Covington, Thomas R. Emerson, Dept. of Labor, Frankfort, J. Keller Whitaker, Workmen's Compensation Board, Frankfort, for appellees.

Atty. for special fund, Gemma Harding, Louisville.

CULLEN, Commissioner.

The Workmen's Compensation Board found Bertha Griffin to have total permanent disability, of which 20 percent was attributable to an accident in the employment of Booth Memorial Hospital on March 5, 1969; 50 percent was attributable to a previous accident of April 18, 1966; and 30 percent represented the degree of disability resulting from the combination of the other two disabilities, in excess of the degree that would be obtained simply by adding

the separate amounts of the other two disabilities. See KRS 342.120(3). An independent physician appointed by the board under KRS 342.121 had reported his finding that Bertha was 50 percent permanently disabled, 10 percent due to the 1969 injury, 25 percent to the 1966 injury, and 15 percent representing the excess from the combined effect of the other two. The board simply doubled each of those figures in translating the doctor's estimates of functional disability into occupational disability. The board's order required the employer to pay 20 percent of the compensation for total permanent disability, and the Special Fund to pay 30 percent. The remaining 50 percent was held to be noncompensable under KRS 342.120, being attributable to a prior disability.

Bertha appealed to the circuit court, which entered judgment affirming the board's order. Bertha is appealing here from that judgment.

Bertha's contentions are (1) that she had no prior occupational disability at all, so she should have received full compensation for her present total disability; and (2) even if she had some prior occupational disability the board erred in fixing it as high as 50 percent.

■ The argument that there was no prior occupational disability at all is predicated solely on the fact that Bertha had been able, for some 19 months prior to the accident of March 5, 1969, to work at her regular employment as a nurse's aid. This argument is not valid, because the mere fact alone that an employe is able to hold down a job is not conclusive that the employe has no occupational disability. See Osborne v. Johnson, Ky., 432 S.W.2d 800; Young v. Young, Ky., 460 S.W.2d 832. The test is not whether the employe is working, but how much, if any, occupational disability, by the standards employed in determining allowance for workmen's compensation benefits, the employe's condition evidenced immediately before he received the second injury.

■ We find merit, however, in Bertha's argument that the Workmen's Compensation Board erred in making a simple mathematical translation of 25 percent functional disability from the prior injury into 50 percent occupational disability. It appears that the board, in reliance on Young v. J. S. Greer Meat Company, Ky., 438 S.W.2d 331, felt that it was *compelled* to retain the same percentage ratios in making the translation of disabilities from functional to occupational. The board's opinion was rendered in May 1970, before the handing down of our decisions in Young v. Campbell, Ky., 459 S.W.2d 781, and Young v. Young, Ky., 460 S.W.2d 832, which modified prior decisions as to the requirements involved in determining the percentage of occupational disability attributable to a pre-existing functional disability. We believe that in fairness the case should be remanded to the board with directions to reconsider the apportionment in the light of the Young and Campbell cases. We do not intend to imply that under no view of the evidence could Bertha's 25-percent functional disability from the prior injury be equated with a 50-percent occupational disability; we simply are holding that the board should determine the apportionment under the correct guidelines. This conforms with our holding in Mullins v. American Technical Industries, Inc., Ky., 467 S.W.2d 593 (decided May 28, 1971).

The judgment is reversed with directions to enter judgment remanding the case to the Workmen's Compensation Board for further proceedings in conformity with this opinion.

All concur.