John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky, etc., Appellant,

v.

Alex VARNEY et al., Appellees.

Court of Appeals of Kentucky.

July 2, 1971.

Martin Glazer, Department of Labor, Frankfort, Gemma M. Harding, Dept. of Labor, Louisville, for appellant.

Kelsey E. Friend, William J. Baird and Edward R. Hays, Baird & Hays, Pikeville, for appellees.

REED, Judge.

The issue presented in this case is whether the Workmen's Compensation Board erred in reopening a previously approved settlement in the nature of an award. Under the circumstances presented, we agree with the circuit court that the board acted within its authority.

■ In June 1966, Alex Varney, an underground coal miner, filed a timely application for compensation benefits for alleged disability caused by silicosis. After medical evidence was taken by all parties to the proceedings (Varney, his last employer, and the Special Fund), a written settlement agreement was filed with the board in January 1967. This agreement, for which the board's approval was sought, provided that the Fund would pay Varney a lump sum payment of $4,000 for " * * * settlement of his claim that he suffered from any occupational disease, including the disease of silicosis." The board approved the agreement, and it thereby became, in legal effect, equivalent to an award.

In September 1969, Varney filed a motion to reopen his claim as permitted by KRS 342.125 on the ground of "change of conditions." Varney and the Fund then presented medical evidence on the issue of change of conditions.

It appeared that at the time of the original settlement there was some medical evidence that Varney was totally disabled but that the disability resulted from non-compensable causes. The physician who testified in the present motion to reopen that Varney was suffering from silicosis, had testified in the original proceedings that he could find no evidence of occupational disease. This physician had testified on behalf of the Fund in the original proceedings.

The other medical evidence adduced on the motion to reopen was preponderant that Varney's current disability was total and permanent and the occupational disease, silicosis, was in a present stage sufficient in and of itself to cause the total and permanent disability.

The Fund places its reliance on Young v. Trivette Coal Co. et al., Ky., 459 S.W.2d 776 (1970). In that case we held that where no claim of change of condition was presented, the mere fact that at the time of the settlement the claimant was worse off than he thought he was was insufficient to permit disturbing a properly negotiated settlement. In the instant case, however, as in Turner Elkhorn Mining Co. v. O'Bryan, Ky., 414 S.W.2d 410 (1967), the board had substantial evidence before it on which it could find a change of condition. So far as the situation surrounding the settlement, itself, is concerned, it is significant that the physician who testified on behalf of the Fund prior to the settlement agreement that Varney was not afflicted with an occupational disease now finds the presence of silicosis. In addition, the medical evidence is practically unanimous in finding that the silicosis now present in and of itself is sufficient to cause Varney's present disability.

■ It seems to us that this evidentiary picture afforded substantial support for the board's finding that there had been a subsequent change of condition which justified a reopening and readjustment of the award. Credit is allowed the Fund for the lump sum payment made pursuant to the approved written settlement agreement.

■ We conclude that the circuit court properly decided the case and that the board's action did not violate the basis of the Trivette Coal Company opinion to which we still adhere.

The judgment is affirmed.

All concur.