Bertha GRIFFIN, Appellant,

v.

BOOTH MEMORIAL HOSPITAL et al.,
Appellees.

James R. YOCUM, Commissioner of Labor,
etc., Appellant,

v.

Bertha GRIFFIN, et al., Appellees.

Court of Appeals of Kentucky.

Feb. 16, 1973.

Bernard J. Blau, Kaufmann, Jolly, Johnson & Blau, Newport, for Bertha Griffin.

James Nolan, Covington, Thomas R. Emerson, Department of Labor, Frankfort, for Booth Memorial Hospital and others.

J. Keller Whitaker, Frankfort, for Workmen's Compensation Board.

Gemma Harding, Louisville, for Special Fund.

CULLEN, Commissioner.

Bertha Griffin was found by the Workmen's Compensation Board to have total and permanent disability, of which 20 percent was attributable to an accident in her employment on March 5, 1969; 50 percent was attributable to a previous accident of April 18, 1966; and 30 percent represented the degree of disability resulting from the combination of the other two disabilities, in excess of the degree that would be obtained simply by adding the separate amounts of the other two disabilities. See

KRS 342.120. The board's order required the employer to pay 20 percent of the compensation allowable for total permanent disability and the Special Fund to pay 30 percent. The remaining 50 percent was held to be noncompensable under KRS 342.120, being attributable to the prior disability. On appeal to the circuit court the order was affirmed, but on further appeal to this court it was set aside and the case was directed to be remanded to the board to "reconsider the apportionment in the light of" Young v. Campbell, Ky., 459 S.W.2d 781, and Young v. Young, Ky., 460 S.W.2d 832. That decision is reported as Griffin v. Booth Memorial Hospital, Ky., 467 S.W.2d 789.

On remand of the case the Workmen's Compensation Board entered a new order, finding that the employe did not have *any* occupational disability from previous injury at the time of the accident of March 5, 1969, and that her present total and permanent disability is attributable solely to the latter accident. Accordingly, the order imposed liability on the employer for full compensation.

The employer appealed the latter order to the circuit court, which entered judgment setting aside the order and remanding the case to the board for reconsideration. The circuit court held that the board's order was clearly erroneous in its findings that the employe had no prior disability and that her present disability is attributable solely to the 1969 accident.

The employe and the Special Fund have taken separate appeals from the circuit court judgment. We are affirming on both appeals.

█ Under Young v. Campbell, Ky., 459 S.W.2d 781, and Young v. Young, Ky., 460 S.W.2d 832, which this court on the prior appeal of this case directed the Workmen's Compensation Board to consider, if there is a finding that the subsequent injury alone and of itself, or "independently," would have caused total disability, the employer is liable for full compensation. However, it is obvious that such a finding must have support in the evidence. In the instant case the board's such finding did not have support in the evidence, and the circuit court properly so held. Of the three doctors who testified, one found *no* disability attributable to the 1969 accident, the second found only 10 percent so attributable, and the third said that except for the prior injury the 1969 accident probably would have produced only a temporary disability of two or three months' duration. In the face of that evidence, the board's finding not only was clearly erroneous, but flagrantly erroneous.

█ The board's finding that the employe had no disability at all likewise was errroneous, and properly so adjudged by the circuit court. The *Young* cases above cited hold that a pre-existing functional impairment rating percentage requires the assignment of *some* percentage of occupational disability. The medical experts in the instant case all found a functional impairment from the prior injury, so the board was required to find some degree of occupational disability attributable to that injury. Furthermore, the board was so required under the law-of-the-case rule, because on the former appeal of this case this court expressly held invalid the employe's claim that there was no prior occupational disability.

We think the holdings of the *Young* cases above cited are perfectly clear, and we can see no reason why the Workmen's Compensation Board should have so much trouble in understanding them. Hopefully, that inability to understand will not persist on the board's third consideration of this case.

The judgment is affirmed on both appeals.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.