James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Appellant,

v.

Lucille DEVINE, City of Calvert City, Western Casualty and Surety Company, and the Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

Jan. 19, 1979.

Gemma M. Harding, Deputy Gen. Counsel for Appeals, Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for Special Fund.

James W. Owens, Owens & Pierce, Chartered, Paducah, for appellee, Lucille Devine.

Jonathan Freed, Boehl, Stopher, Graves & Deindoerfer, Paducah, for appellees, City of Calvert City and Western Cas. and Sur. Co.

Before GANT, HOGGE and HOWERTON, JJ.

GANT, Judge.

This is an appeal from a judgment of the Marshall Circuit Court affirming an award of the Workmen's Compensation Board of 100% temporary total benefits against the employer and 100% permanent total benefits against the Special Fund. Claimant worked as a deputy clerk for the City of Calvert. On July 29, 1975, as she was leaving the building on her way to make deposits for the City of Calvert in the bank, she stepped on a piece of concrete block and twisted her knee. As all the medical testimony confirms, the resulting injury has rendered her totally disabled. Since the day of the injury she has been unable to work and has undergone a total knee orthoplastic.

Two physicians testified before the Board in this case. Dr. Morehead, while feeling that claimant was totally disabled from any gainful employment, was not willing to make a determination of the propriety of apportionment. He felt that he was unable, considering her prior nondisabling arthritic condition, to determine how much of the disability would have been caused by the injury itself. Dr. Carson, the Board-appointed physician, felt that the entire disability was caused by the arousal of the nondisabling pre-existing condition. He felt that, although claimant might have suffered from a temporary disability because of the knee injury without the prior arthritic condition, it would not have caused a permanent disability. The medical testimony of the two physicians together supports the finding of the Board that claimant is 100% occupationally disabled and that all of the permanent disability is caused by the prior arthritic condition.

The Special Fund raises two issues on appeal. The first is whether claimant is barred from recovery for permanent total disability because her pre-existing arthritic condition is not a "dormant nondisabling" condition since she knew of it and received Vitamin B–12 injections occasionally. The Special Fund relies on *Young v. Pugh*, Ky., 463 S.W.2d 928 (1971), for this position. In *Young v. Pugh* at 929, the court states: "We conclude that a person who has a disease condition known to him and who is being treated medically for that condition does not have a dormant nondisabling disease condition." In that case, claimant had diabetes for which he was required to take insulin daily, but the opinion of the court is

silent on whether the pre-existing disease was disabling in any way. Regardless, this definition of "dormant nondisabling disease condition" was reversed by the Supreme Court in *Yocom v. Loy,* Ky., 573 S.W.2d 645 (1978). It was held in that case that whether a pre-existing disease or condition was dormant does not turn on the claimant's knowledge of the condition or whether it was being treated medically prior to an injury, but that a condition is dormant if it was occupationally nondisabling prior to a subsequent injury. *Haycraft v. Corhart Refractories Co.,* Ky., 544 S.W.2d 222 (1976), and *Yocom v. Spalding,* Ky., 547 S.W.2d 442 (1977), further support this position. Clearly, "dormant" means nondisabling and "active" means disabling with reference to claimant's ability to work prior to the subsequent injury. Testimony in this case clearly shows that claimant's arthritis did not affect her ability to work and would not have become disabling absent the causative element of the injury she received.

The next argument raised by the Special Fund is that it can bear no liability for the permanent disability without a finding that the injury of July 20, 1975, was a causative factor thereof. This argument ignores the fact that the Board found that the arousal of the pre-existing condition was caused by the injury. However, the medical evidence indicated that absent the pre-existing arthritic condition claimant's injury would have caused no permanent disability whatsoever; that the entire permanent disability was a result of the arousal of the arthritic condition. Consistent with KRS 342.120, the Board therefore apportioned the award so that the employer is liable for 100% of the temporary disability resulting from the injury and the Special Fund is liable for 100% of the permanent disability resulting from the awakening of the pre-existing condition. Under the evidence presented, we find no error in this award.

The judgment of the Marshall Circuit Court is therefore affirmed.

All concur.