James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Appellant,

v.

Maralyn Estelle STONE, Widow of Jack Stone; Powers Regulator Company; and Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

April 4, 1980.

Cyril E. Shadowen, Asst. Counsel, Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for appellant.

Wayne C. Daub, Louisville, for appellee Stone.

Thomas G. Mooney, Ewen, MacKenzie & Peden, P.S.C., Louisville, for appellee Powers Regulator Co.

Before GANT, HOWARD, and WIL-HOIT, JJ.

WILHOIT, Judge.

This is an appeal by the Special Fund from an order of the Jefferson Circuit Court affirming an award by the Workmen's Compensation Board to the appellee Maralyn Estelle Stone to be paid ten percent by her deceased husband's employer and ninety percent by the Special Fund.

Mrs. Stone's husband suffered a work-related fatal heart attack on January 5, 1976. Mr. Stone, who had arteriosclerotic heart disease, had undergone a previous heart attack in 1970 and one in 1974. The Board found that after each of these two attacks he had been able to return to work and to work without restriction although Mr. Stone took heart medication up to the time of his death and was seeing his physician periodically "for regular check-ups." It determined that, prior to the fatal attack, Mr. Stone had no active occupational disability.

The Special Fund argues that the evidence before the Board established that Mr. Stone's preexisting heart disease was so far advanced that it was error not to assign some degree of preexisting active occupational disability. In support of this argument it cites *Yocom v. Loy*, Ky., 573 S.W.2d 645 (1978). The appellee-employer argues that, since the evidence clearly established that Mr. Stone had some degree of active functional impairment due to heart disease prior to his fatal heart attack, the Board was obliged to assign some degree of active prior occupational disability. In support of this argument the employer cites principally *Griffin v. Booth Memorial Hospital*, Ky., 490 S.W.2d 736 (1973).

Although the case law is somewhat confusing and the language employed therein is often imprecise, we believe that the correct view is that a preexisting functional impairment requires an assignment of a percentage of prior occupational disability only when the preexisting impairment affected the claimant's ability to work. *Yocom v. Loy, supra* ; *Yocom v. Spalding*, Ky., 547 S.W.2d 442 (1977); *Yocom v. Devine*, Ky.App., 577 S.W.2d 41 (1979). There was substantial evidence before the Board from which it could have found, as it did, that Mr. Stone's heart disease had not affected his ability to work prior to his fatal heart attack. The circuit court therefore did not err in sustaining the Board's award.

The order of the circuit court is affirmed.

All concur.