John Calhoun WELLS, Secretary,
Labor Cabinet (Special Fund)
etc., Movant,

v.

David Eugene BUNCH, Sr., Southern States Cooperative, River Terminal Company and Workers' Compensation Board of Kentucky, Respondents.

Supreme Court of Kentucky.

July 3, 1985.

Cyril E. Shadowen, Louisville, for movant.

R. Allen Wilson, Owensboro, for David Eugene Bunch.

Pierce W. Hamblin, Lexington, for Southern States Cooperative and River Terminal Co.

Jackie H. Blankenship, Frankfort, for respondents.

GANT, Justice.

Discretionary review was granted herein in order to examine the apparent confusion which lies in the test to be applied under KRS 342.120(4) as was in effect at the time of the injury herein, concerning workers' compensation to an employee for prior occupational disability when a subsequent injury occurs.

The facts herein are virtually undisputed. In 1964, when 16 years of age, David Eugene Bunch was involved in an automobile accident in which he sustained a fractured back. X-ray films revealed that he had a severe spondylolisthesis of the fifth lumbar vertebrae which, coupled with the other damage from the accident, occasioned a posterior lateral fusion from the L–3 vertebrae to the S–1 vertebrae in order to graft the bone into its slipped position to prevent further slippage and damage. Bunch was incapacitated for one year.

In June, 1976, Bunch re-injured his back in a non-work-related accident and underwent a second surgery on his back in January, 1977. On this occasion, he was incapacitated for four to six weeks. About two months after returning to work, and on April 11, 1977, Bunch fell in a work-related accident, injuring his back a third time and becoming 100% totally and permanently disabled.

The Workers' Compensation Board, based upon sufficient evidence, made the following findings:

(a) The injury of 1977, independently, would not have caused the entire disability.

(b) The extent of occupational disability attributable to the injury of April, 1977, alone, is 15%. The employer owes this.

(c) The degree of occupational disability which existed immediately prior to the subject injury, without regard to the subsequent injury, is 55%.

(d) The remaining 30% of plaintiff's occupational disability is the result of the arousal of a previously dormant non-disabling disease or condition into disabling reality or an excess factor. The Special Fund owes this.

Thus, the Workers' Compensation Board excluded 55% on the basis of the employee's condition immediately prior to the subject injury.

The Daviess Circuit Court affirmed the Workers' Compensation Board, but the Court of Appeals reversed and remanded this case with direction to apportion the 55% found non-compensable against the Special Fund. The basis of the opinion by the Court of Appeals was reliance upon *Yocum v. Loy*, Ky., 573 S.W.2d 645 (1978), and *Yocum v. Devine*, Ky.App., 577 S.W.2d 41 (1979). It was their holding that "dormant" means non-disabling and "active" means disabling with reference to the claimant's ability to work prior to his subsequent injury. We disagree concerning the legal and factual implications of those cases as they pertain to the case before us.

KRS 342.120(4), as in effect at the time of the injury, read in part as follows:

The remaining compensation for which such resulting condition would entitle the employee, including any compensation for disability resulting from a dormant

disease or condition aroused into disabling reality by the injury or occupational disease, but excluding all compensation which the provisions of this chapter would have afforded on account of prior disabling disease or injury had it been compensated thereunder, shall be paid out of the special fund provided for in KRS 342.122.

The true test to be applied in considering the liability of the special fund in these subsequent injury cases was succinctly and properly stated in *Griffin v. Booth Memorial Hospital,* Ky., 467 S.W.2d 789 (1971):

The argument that there was no prior occupational disability at all is predicated solely on the fact that Bertha had been able, for some 19 months prior to the accident of March 5, 1969, to work at her regular employment as a nurse's aid. This argument is not valid, because *the mere fact alone that an employe is able to hold down a job is not conclusive that the employe has no occupational disability.* See *Osborne v. Johnson,* Ky., 432 S.W.2d 800; *Young v. Young,* Ky., 460 S.W.2d 832. *The test is not whether the employe is working, but how much, if any, occupational disability, by the standards employed in determining allowance for workmen's compensation benefits, the employe's condition evidenced immediately before he received the second injury.*

Throughout our recent cases, the phrase "active disability" has appeared, although this phrase has never appeared in the statutes. It seemingly began with the trilogy of *Young v. Campbell,* Ky., 459 S.W.2d 781 (1970); *Young v. Young,* Ky., 460 S.W.2d 832 (1970), and *Young v. Floyd County Mining Engineering Co.,* Ky., 460 S.W.2d 838 (1970). The phrase has continued through such cases as *Haycraft v. Corhart Refractories Co.,* Ky., 544 S.W.2d 222 (1977); *Yocom v. Loy* and *Yocom v. Devine, supra;* and *Yocom v. Stone,* Ky. App., 597 S.W.2d 866 (1980).

In consideration of such subsequent injury cases, there are three factors, as set out in *Young v. Fulkerson,* Ky., 463

S.W.2d 118 (1971). First, there is the effect upon the claimant of the subsequent injury to the degree the latter injury contributed to the amount of the resulting disability. Second, there is the arousal of any dormant or non-disabling disease or condition. These are both compensable.

Third in the consideration of subsequent injury cases is the degree of occupational disability which existed immediately prior to the subsequent injury, without regard to the effect of the subsequent injury. This is what has become categorized as active disability, and is not compensable.

The test remains that test which is set out in *Griffin, supra,* and the fact that the claimant is employed does not mean he has no active disability. Any language to the contrary is specifically overruled.

In the instant case, the entire medical evidence ascribed both functional and occupational disability to appellant Bunch at the point immediately preceding his subsequent injury. The only evidence to countermand this was that he was employed, and thus he simply fails the test set out in *Griffin.*

The Court of Appeals is reversed, and the judgment of the Daviess Circuit Court is affirmed.

All concur.