**COMMONWEALTH of Kentucky,
Murray State University,
Appellants,**

**v.**

**WORKERS' COMPENSATION BOARD
OF KENTUCKY and Carmen
Payne, Appellees.**

Court of Appeals of Kentucky.

Oct. 4, 1985.

William J. Nold, Louisville, for appellants.

Donald A. Jones, Murray, for appellees.

Before CLAYTON, McDONALD and DUNN, JJ.

DUNN, Judge.

This workers' compensation appeal is from a Calloway Circuit Court's order remanding it to the Workers' Compensation Board on appellant Murray State's appeal from the Board's opinion, award and order. The trial court directed that on remand the Board reconsider the medical evidence before it so as to either deny appellee Carmen Payne's claim entirely or order her to undergo a course of medical treatment to

cure her work-related disability. We reverse and remand with directions.

■ On petition for review, we may disturb the decision of the Workers' Compensation Board only if we can conclude either that its findings are unsupported by substantial evidence and are clearly erroneous or that the Board erred as a matter of law. KRS 342.285(3). Our review in this appeal is further limited as the Board specifically found that appellee Payne had failed to establish that she had sustained an injury of appreciable proportions or a significant occupational disability, questions upon which she bore the burden of proof. Accordingly, we may reverse the Board's findings on either of those issues only upon a determination that the evidence was so overwhelming as to compel a finding in appellee Payne's favor. *Wolf Creek Collieries v. Crum,* Ky.App., 673 S.W.2d 735 (1984).

■ Based upon our review of the record of the proceedings before the Board, we conclude that both these appellate review standards have been met in this appeal. In particular, we point to the medical evidence adduced regarding appellee Payne's injuries. While expressing surprise that the injury to her foot should continue to affect her, all three physicians who testified agreed that she is not able to return to any type of non-sedentary employment and attributed that inability to the work-related accident. This evidence, which establishes the existence of an injury of appreciable proportions and an occupational disability as defined in *Osborne v. Johnson,* Ky., 432 S.W.2d 800 (1968), went uncontradicted, and, therefore, the Board was without authority to reject it absent a sufficient explanation of its reasons for doing so. *Collins v. Castleton Farms, Inc.,* Ky.App., 560 S.W.2d 830 (1977). The Board failed to comply with that requirement. We must conclude that the evidence that appellee Payne had sustained both an injury of appreciable proportions and an occupational disability was so overwhelming as to compel a finding in her favor. As a result, the Board's findings to the contrary are clearly erroneous and we therefore reverse and remand to that body with directions that it now determine the extent of her occupational disability and enter an appropriate award of benefits.

We next turn to that aspect of the circuit court's order which afforded the Board upon remand the option of compelling appellee Payne to undergo a course of medical treatment that had been recommended by one of the testifying physicians. That action was apparently taken in consequence of a motion to the same effect made by appellant before the Board pursuant to KRS 342.020(3). The Board, however, due to its determination to deny appellee Payne's claim on the merits, declined to rule on that motion.

■ Due to our determination that appellee Payne has met her burden of proof for establishing her entitlement to workers' compensation benefits, we also reverse the trial court's order to compel her to undergo further medical treatment prior to the making of an award. Furthermore, we note that KRS 342.020(3) permits the granting of such relief only under extremely limited circumstances, the existence of which appellant has not demonstrated in this case.

In taking this action, it is not our intention to completely eliminate appellee Payne's responsibility to seek reasonable medical treatment which might lessen her occupational disability and eventually allow her return to work, but merely to provide a workable framework for such a process pursuant to KRS 342.020(1) or KRS 342.710(3). Specifically, the first of those statutes authorizes the Board as a part of its award of benefits, to order an employer to bear the cost of any medical expenses the claimant might incur. Similarly, the second statute allows the Board, subsequent to the award of benefits, to order the claimant to undergo medical and rehabilitative procedures reasonably necessary to render her fit for a remunerative occupation. Should such efforts prove successful, the employer has the option of securing a reduction of the award by means of a motion to reopen pursuant to KRS 342.125(1). Conversely, should she fail to take advan-

tage of the award of medical expenses and not seek reasonable medical treatment or rehabilitative services to improve her condition, she runs the risk of a reduction in her award by virtue of KRS 342.035(2) or KRS 342.710(3).

The order of the Calloway Circuit Court is REVERSED and REMANDED to the Workers' Compensation Board for determination of the level of appellee's occupational disability and the entry of a commensurate award of benefits.

Further, pursuant to 2(a) of the Order Designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure for further appellate steps, are reinstated effective the date of this opinion.

All concur.