Max D. Picklesimer, Ashland, Phil Williams, Louisville, for respondent, City of Ashland.

Suzanne Shively, Acting Director, Workers' Compensation Bd., Dept. of Labor, Frankfort, for respondent, Worker's Compensation Bd.

**Kevin GUNDERSON, Movant,**

v.

**CITY OF ASHLAND and Workers' Compensation Board, Respondents.**

Supreme Court of Kentucky.

Dec. 19, 1985.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed with directions a judgment of the circuit court which had confirmed an award of the Workers' Compensation Board. The Board had found Gunderson totally and permanently occupationally disabled, but the Court of Appeals reversed that decision.

The Court of Appeals remanded this case to the Board and ordered it to make an award for a percentage of permanent partial disability based on the principles of *Osborne v. Johnson,* Ky., 432 S.W.2d 800 (1968). However, the Board reached the conclusion that Gunderson was 100 percent disabled also using the principles of *Osborne, supra.*

The principal question is whether the Court of Appeals reached an erroneous re-

sult when a claimant has continued to perform some kind of full time work following an injury.

Gunderson was shot in the line of duty as an Ashland City Police Officer on July 18, 1980. As a result of that injury he is suffering from an extensive paralysis which confines him to a wheelchair. Following the injury, Gunderson underwent a long period of recuperation and rehabilitation with a cost of $125,179.42. He received temporary, total disability payments through May 4, 1981. He returned to work the following day as a police radio dispatcher for the Ashland Police Department. Special modifications were made in the dispatching unit for Gunderson.

As a result of the injury, however, he cannot return to full-time duty as a police officer. The Ashland Police Chief testified that he would not rehire Gunderson for his former job. The record indicates that his base pay remains the same but he is no longer eligible for state-funded supplemental pay and that he is not able to work overtime as he had previously done.

The primary treating physician, Dr. Carl, testified that Gunderson is a complete C–7 quadriplegic. Dr. Lobo, a neuro-surgeon who treated Gunderson in the emergency room following the injury, testified that he is quadriplegic and is 100 percent disabled.

The Board awarded Gunderson 100 percent occupational disability. The circuit court affirmed the award for permanent disability but the Court of Appeals reversed that decision and remanded the case for further proceedings. This Court accepted discretionary review as to the award of 100 percent disability only.

This Court reverses the decision of the Court of Appeals and reinstates the decision of the Board.

The evidence before the Board is uncontradicted that Gunderson suffered a serious physical impairment as a result of being shot while working as a policeman. The Board heard lay and medical evidence and concluded that from an occupational standpoint, he is totally disabled within the meaning of the Workers' Compensation Act, taking into consideration the medical and lay evidence. The Board is the finder of fact and such findings should not be disturbed unless they are clearly erroneous or an abuse of discretion or otherwise not supported by competent evidence. None of these factors are present in this case; consequently, the decision of the Board should be affirmed.

The Court of Appeals determined that the facts of this case are remarkably similar to those in *Leep v. Kentucky State Police*, Ky., 366 S.W.2d 729 (1963), in which this Court reversed the Board and the circuit court and allowed an award for total permanent disability. The Court of Appeals believes that *Leep, supra,* was expressly overruled in the decision of *Osborne, supra.*

The Court of Appeals stated that under the definition of disability set out in *Osborne*, a claimant cannot be considered totally occupationally disabled if he is regularly employed or regularly employable after his injury. We disagree.

It could be argued that *Osborne* supports the decision of the Court of Appeals that the claimant should be awarded a percentage of permanent partial disability. However, a close examination of *Osborne, supra,* at 804, indicates that the determination of a claimant's post-injury earning capacity is based on normal employment conditions:

> ... the essence of the test is the probable dependability with which the claimant can sell his services in a competitive labor market, undistorted by such factors as business boom, *sympathy of a particular employer* or friends, temporary good luck, or the superhuman efforts of the claimant to rise above his crippling handicaps. Larson's, *Workers' Compensation*, Vol. II, § 57.51 (Emphasis added.)

Our view is that when regular employment is not available in the kind of work he is customarily able to do in the area where he lives, a claimant may be found totally disabled per KRS 342.620(11).

Section 57.51 of Larson is generally aimed at the "odd lot" situation but there is nothing in *Osborne* which would so limit it. The compensation statute is not designed to pay full benefits to someone who is employed full time. Here we have a claimant who is so incapacitated as a quadriplegic. We believe this is the type of case contemplated by Section 11 of the statute.

Gunderson is working on a police dispatching system which has been specially outfitted for his handicap and is subsidized by local, federal and state government. It is highly questionable whether he could find employment in the "outside" work force.

The Board found that in the absence of compassionate treatment by his employer, the claimant was entirely precluded from successful competition for employment in the job market. This supports a finding of total disability under that portion of KRS 342.620(11), which defines disability to mean loss of ability to compete to obtain the kind of work he is customarily able to do in the area where he lives.

The decision in *Couliette v. International Harvester Company*, Ky., 545 S.W.2d 936 (1976), is distinguishable from this situation because it did not involve a claimant who was able to work only because of the generosity of his employer.

Clearly the statute and *Osborne* provide that total disability arises where a workman is so physically impaired that he is not able to perform any kind of work of regular employment.

Here the Board found that except for the compassionate treatment of his employer, Gunderson is entirely precluded from successful competition for employment in the job market. The Board determined that as a result of his injury, Gunderson had sustained an occupational disability of 100 percent under the principles of *Osborne*. We agree.

The decision of the Court of Appeals is reversed. The judgment of the circuit court and the award of the Workers' Compensation Board is reinstated.

AKER, LEIBSON, STEPHENSON, VANCE and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., and GANT, J., concur in result.