Wayne PARSON, Appellant,

v.

UNION UNDERWEAR COMPANY; Carol M. Palmore, Acting Secretary of Labor Cabinet (Special Fund); and Workers' Compensation Board, Appellees.

87–CA–1721–S.

Court of Appeals of Kentucky.

May 20, 1988.

Rehearing Denied July 22, 1988.

Discretionary Review Denied by Supreme Court Oct. 19, 1988.

Diana L. Beard, Campbellsville, for appellant.

David W. Anderson, Cole, Harned & Broderick, Bowling Green, for appellee Union Underwear Co.

John E. Stephenson, Labor Cabinet, Div. of Special Fund, Louisville, for appellee Special Fund.

Before COMBS, COOPER and WILHOIT, JJ.

WILHOIT, Judge.

The primary issue presented in this appeal is the effect of an agreed settlement of a previous workers' compensation claim in a proceeding for a subsequent injury. The Workers' Compensation Board found that the disability preexisting the appellant's present injury was attributable to his prior injury, but stated it was not bound by its approved settlement of the former claim in determining the extent of preexisting disability in the present claim.

The appellant, Wayne Parson, has worked for the appellee Union Underwear Company since 1967. He sustained a work-related injury to his back December 6, 1980, and underwent surgery in May 1981 and March 1982. Subsequent to the two surgeries, he settled his workers' compensation claim for that injury based upon 20% occupational disability, with liability for payment of benefits apportioned two-thirds to the employer and one-third to the appellee Special Fund. The settlement was agreed to by all parties and was approved by the Board in July 1983.

Parson reinjured his back March 12, 1984, and had surgery the following month. He returned to work the latter part of August 1984, but was off work again due

to back pain April 27 through July 2, 1985. The Board found that Parson was 70% occupationally disabled, and following the procedure outlined in *Young v. Fulkerson,* Ky., 463 S.W.2d 118 (1971), apportioned liability for benefits. The Board found that Parson had a preexisting occupational disability of 40% due to the December 1980 injury, and did not award benefits for that portion of disability.

The effect of a settlement of a prior compensation claim on a subsequent claim between the same parties is apparently an issue of first impression in this jurisdiction. The Board noted that the parties had agreed in 1982 that Parson was 20% occupationally disabled as a result of his 1980 injury, and it found that Parson's preexisting condition at the time of the present injury was attributable to the 1980 injury. There was no evidence that Parson's condition had worsened from the date of the 1980 settlement to his subsequent injury. However, the Board stated that the "settlement of [Parson's] earlier claim does not constrain us to limit his preexisting active disability to 20%." We disagree with the Board's statement under the particular facts presented in this case.

It is well established that res judicata applies to workers' compensation cases. *Keefe v. O.K. Precision Tool & Die Co.,* Ky. App., 566 S.W.2d 804 (1978); 3 A. Larson, *The Law of Workmen's Compensation* § 79.72(a) (1983). When the Board approves a settlement, it becomes legally equivalent to an award, *Young v. Varney,* Ky., 469 S.W.2d 344 (1971), and an approved settlement is held to the same standard under KRS 342.125 as fully litigated claims in reopening procedures. *Schulte v. Workmen's Compensation Board of Kentucky,* Ky. App., 571 S.W.2d 108 (1978); *see also Young v. Charles F. Trivette Coal Co.,* Ky., 459 S.W.2d 776 (1970).

The employer and the Special Fund argue that there was substantial evidence to support the Board's finding of 40% active disability immediately before the 1984 injury, and point to a 1972 injury for which a workers' compensation claim was not filed. The Board could have found that Parson had a preexisting active condition at the time of his 1980 injury, but it made no such finding. The Board found that Parson's preexisting condition was due to his 1980 injury, which the parties had previously agreed resulted in a 20% occupational disability.

The employer contended at oral argument that the settlement is not binding because the claim for the 1980 injury was not fully litigated. In this jurisdiction, an agreed judgment free from fraud or duress is binding upon the parties, the same as if the claim was litigated and decided by a tribunal. *Smith v. Smith,* 295 Ky. 50, 173 S.W.2d 813 (1943); *see also Karami v. Roberts,* Ky. App., 706 S.W.2d 843 (1986). Also, a fact determined in a proceeding is binding in a subsequent proceeding between the same parties, "without regard to whether the cause of action is the same or not, or whether the second suit involves the same or a different subject matter, or whether or not it is in the same form of proceeding." *Moore v. Gas & Electric Shop,* 216 Ky. 530, 287 S.W. 979, 980 (1926). The Board's finding that Parson was 40% disabled as a result of his 1980 injury is in effect an impermissible relitigation of the 1980 claim.

Contrary to the appellee's argument, *Wells v. Bunch,* Ky., 692 S.W.2d 806 (1985), is not dispositive of this case because here the Board found that Parson's preexisting disability was due solely to an injury for which an award of occupational disability had been made. The previous injuries sustained by the claimant in *Bunch* were not even work related, let alone the subject of a prior award between the parties. The specific holding in *Carey Lumber Co. v. Newsome,* Ky., 472 S.W.2d 691 (1971), concerned the applicability of a recent statutory change regarding the necessity to file objections to the report of a Board-appointed physician. It does not hold that a previous award to which all the parties agreed is not binding on the same parties in a successive injury claim. Even if it were, a distinguishing fact present in *Carey Lumber Co.* is that the claimant

worked for a different employer when he sustained his previous injury.

The second issue raised by Parson concerns the Board's finding of 70% occupational disability. He contends the Board should have found him 100% occupationally disabled. Parson asserts that the Board erred in not determining his occupational disability using normal employment conditions and attempts to bring his case under *Gunderson v. City of Ashland*, Ky., 701 S.W.2d 135 (1985). Parson claims that Union Underwear is a sympathetic employer because he is allowed to rest his back when needed. Parson's situation is not analogous to that in *Gunderson*, where the claimant continued to work only because of specially manufactured equipment funded by the local, state, and federal governments. Parson also relies on part of the vocational expert's testimony in support of his position. Testimony of a vocational expert does not take precedence over other testimony in the record. *Eaton Axle Corp. v. Nally*, Ky., 688 S.W.2d 334 (1985). The Board had before it medical evidence in addition to the testimony of the vocational expert. We cannot say that the evidence compelled a finding of total occupational disability, so the Board's decision in this respect will not be disturbed on appeal. *Commonwealth v. Workers' Compensation Board of Kentucky*, Ky. App., 697 S.W.2d 540 (1985).

The Board's finding of Parson's degree of preexisting active disability is reversed and this case is remanded to the Workers' Compensation Board for proceedings consistent with this opinion.

Further, pursuant to the order designating the case as a special appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure for further appellate steps, is reinstated effective the date of this opinion.

All concur.