933 F.2d 1009
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary and Deboray THOMPSON, Plaintiffs-Appellants,
v.
TENNESSEE VALLEY AUTHORITY, Defendant-Appellee.
 No. 90-5887.
 United States Court of Appeals, Sixth Circuit.
 May 21, 1991.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and GILMORE, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants, Gary and Deborah Thompson, appealed from the entry of summary judgment in favor of defendant-appellee, Tennessee Valley Authority (TVA), in this diversity personal injury action. Appellant Gary Thompson (appellant) alleged in his complaint that he was exposed to toxic chemicals while performing excavation work related to the construction of a boiler waste handling system at TVA's fossil plant in McCracken County, Kentucky. Allegedly as a result of this exposure, appellant sustained a permanent neurological disorder diagnosed as polyneuropathy.
 
 
 2
 Appellant was on TVA's property as an employee of Sullivan, Long & Hagerty (SLH). As a sub-contractor of the Allen-Sherman-Hoff Company (ASH), SLH had been engaged to perform the excavation work. The general contractor, ASH, had contracted with TVA to construct the waste handling system.
 
 
 3
 Following the discovery of his physical condition, appellant sought workers' compensation benefits through SLH's liability carrier. An administrative law judge with the Kentucky Department of Worker's Claims denied his claim following an evidentiary hearing. The ALJ determined that the evidence was insufficient to prove a causal link between appellant's injury and his alleged exposure to toxic substances while on TVA property.
 
 
 4
 Instead of exercising his right to further administrative or judicial review of the ALJ's adverse decision, appellant commenced the instant suit in federal district court alleging that TVA had breached the common law duty of care it owed to a business invitee. TVA asserted in defense of the action that, pursuant to principles of collateral estoppel, the Kentucky ALJ's factual determination that appellant's injuries were not causally related to any toxic exposure on TVA property could not be relitigated in federal court, and that therefore summary judgment should be entered in TVA's favor on the merits of the tort claim.
 
 
 5
 "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose." United States v. Utah Construction & Mining Co., 384 U.S. 394, 421-22, 86 S.Ct. 1545, 1560 (1966). "Federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." University of Tennessee v. Elliott, 478 U.S. 788, 799, 106 S.Ct. 3220, 3226 (1986). In Kentucky, factual determinations resulting from the adjudication of claims in the Department of Worker's Claims are entitled to preclusive effect. See Parson v. Union Underwear Co., 758 S.W.2d 43, 44 (Ky.App.1988) (citing Keefe v. O.K. Precision Tool & Dye Co., 566 S.W.2d 804 (Ky.App.1978); 2A A. Larsen, The Law of Workmen's Compensation, 79.72(a) (1983)).
 
 
 6
 Thus, the Kentucky ALJ's determination that there existed no causal nexus between appellant's injury and his alleged exposure to toxic materials on TVA property was binding on the federal district court and was not subject to relitigation. Summary judgment was therefore appropriate in favor of TVA on appellant's common law tort claim, the success of which, of course, was partially reliant upon a finding that appellant's injury was proximally related to conditions he encountered while employed at the TVA site.
 
 
 7
 The district court granted summary judgment in TVA's favor based on its interpretation of two sections of the Kentucky's workers' compensation statute, K.R.C. 342.610(2), 342.690(1), as these provisions relate to the common law immunity of a specially defined class of "statutory employers." See Fireman's Fund Insurance Co. v. Sherman & Fletcher, 705 S.W.2d 459 (Ky.1986) (addressing "statutory employer" provisions of Kentucky statute). Having concluded that the decision of the Kentucky Department of Workers' Claims absolving TVA of liability because of appellant's failure to prove a causal connection between his injury and the working conditions he encountered on the TVA site is dispositive of this appeal pursuant to principles of collateral estoppel, this court need not address the applicability of the Kentucky statute to the case at bar. See Foster v. Kassulke, 898 F.2d 144, 146 (6th Cir.1990) (grant of summary judgment may be affirmed for reason other than that relied upon by district court); Russ's Qwik Car Wash v. Marathon Petroleum, 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 8
 Accordingly, the judgment of the district court is hereby AFFIRMED.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation