COMMONWEALTH of Kentucky, TRANSPORTATION CABINET, Appellant,

v.

Ronnie BLACKBURN; Robert L. Whittaker, Acting Director of Special Fund; and Workers' Compensation Board, Appellees.

Robert L. WHITTAKER, Acting Director of Special Fund, Appellant,

v.

Ronnie BLACKBURN; Commonwealth of Kentucky, Transportation Cabinet; Ronald W. May, Administrative Law Judge; and Workers' Compensation Board, Appellees.

Nos. 94–SC–390–WC, 94–SC–444–WC.

Supreme Court of Kentucky.

Nov. 23, 1994.

As Modified on Denial of Rehearing Feb. 16, 1995.

Thomas L. Ferreri, William A. Miller, Sr., Ferreri & Fogle, Louisville, for Com. of Ky., Transp. Cabinet.

Joel D. Zakem, Labor Cabinet, Sp. Fund, Louisville, for Whittaker.

Kelsey E. Friend, Robert J. Greene, Kelsey E. Friend Law Firm, Pikeville, for Blackburn.

## OPINION OF THE COURT

### AFFIRMING

Claimant, whose date of birth was January 2, 1949, had a ninth grade education and no specialized or vocational training. He worked his entire adult life for the employer herein, performing duties which included flagging traffic, driving a light truck, and manual labor. In 1986, at the time of the injury of appreciable proportions, claimant's average weekly wage was $239.44.

The Administrative Law Judge (ALJ) determined that the injury of June 26, 1986, aroused a preexisting dormant venous insufficiency which gradually worsened as claimant continued to work. As a result, claimant no longer is able to lift more than 50 pounds, occasionally, or more than 25 pounds, frequently. He is unable to stand or sit for more than one hour at a time, and he can only climb, stoop, kneel, crouch, or crawl on an occasional basis.

There was medical evidence that claimant was either of borderline intelligence or mildly mentally retarded and that, regardless of his injury, his occupational opportunities were limited. The ALJ noted this evidence and concluded that, "the evidence is clear that plaintiff was employed in a work setting that was consistent with his limited capabilities." After considering claimant's physical limitations in the light of age, education, work experience, and limited intellect, the ALJ concluded that claimant was permanently and totally occupationally disabled and apportioned two-thirds of the award to the employer and one-third to the Special Fund. No prior, active occupational disability was attributed to claimant's limited intellectual capacity.

The employer appealed to the Workers' Compensation Board (Board), arguing that claimant's congenital mental retardation limited his employment opportunities and capabilities. Therefore, the argument continued, such mental retardation should constitute a prior, active occupational disability. However, the Board noted that under the definition of occupational disability set forth in KRS 342.0011, educational or intellectual shortcomings do not constitute a compensable injury or occupational disease. Only disability that would have been compensable had it been caused by work may be considered prior, active disability for workers' compensation purposes. *Wells v. Bunch,* Ky., 692 S.W.2d 806 (1985); *Griffin v. Booth Memorial Hospital,* Ky., 467 S.W.2d 789 (1971). The Board explained that under KRS 342.0011, occupational disability due to an injury is measured by the loss of the worker's earning capacity caused by the injury. Therefore, the Board affirmed the decision of the ALJ.

The Court of Appeals affirmed, adopting the Board's opinion, and we affirm, although for somewhat different reasons.

In KRS 342.0011, the legislature has defined occupational disability as:

a decrease of wage earning capacity due to injury or loss of ability to compete to obtain the kind of work the employee is customarily able to do, in the area where he lives, taking into consideration his age, occupation, education, effect upon employee's general health of continuing in the kind of work he is customarily able to do, and impairment or disfigurement.

As is apparent, KRS 342.0011 requires an individualized determination of a worker's occupational disability as a result of a work-

related injury. KRS 342.0011 does not establish a uniform benchmark of occupational ability against which injured workers are measured. It does not penalize workers who, before they are injured, have limited occupational ability due to their innate intellectual capacity or their degree of education or training. Instead, the focus of KRS 342.0011 is on determining the impact of the impairment or disfigurement caused by a work-related injury on the particular worker's ability to earn an income, in other words, on determining what that particular worker has lost as a result of the injury.

In the instant case, the ALJ determined that claimant was employed in a work setting that was consistent with his limited capabilities, a finding that has not been challenged. Therefore, his income from that employment and the skills required in that employment fairly can be viewed as taking into account his limited intellectual capacity and as reflecting his occupational ability before the work-related injury. This factual situation is distinguishable from that addressed in *Wells v. Bunch, supra,* and *Griffin v. Booth Memorial Hospital, supra.* The ALJ determined that it was the physical effects of the 1986 injury that prevented claimant from returning to his former employment or from engaging in other employment for which he was qualified. Under those circumstances, the award of total occupational disability benefits, without an exclusion for prior, active disability, was proper.

Accordingly, the decision of the Court of Appeals is affirmed.

All concur.